## Hiram Granger et. al. v. James H. Hathaway et. al.

*Agent: Liability for money paid him for the principal by mistake.* An agent to whom an over-payment has been made through mistake, by the debtor of his principal, and who has paid over the money before notice of the mistake, is not liable to an action by the debtor for such money.

If such over-payment is made upon one of several negotiable notes given by the debtor, and falling due at different times, and the agent has become purchaser in good faith of one of the notes afterwards to come due, the debtor, when such last mentioned note falls due, is not entitled to set off against it the over-payment made upon the previous note.

*Heard January 5th. Decided January 11th.*

Error to Clinton Circuit.

This was an action of assumpsit brought to recover the amount due upon a promissory note.

The plea was the general issue with notice of set off and tender.

Upon the trial, plaintiffs gave in evidence a promissory note dated December 3, 1866, made by defendant for the sum of $400, payable six months after date at the First National Bank of St. Johns, to the order of J. W. Hooker, and indorsed by him; and thereupon rested.

Defendants then called Samuel S. Walker, who testified that he was cashier of the First National Bank of St. Johns, at St. Johns, Michigan; that the plaintiffs, who were bankers doing business in Detroit, Mich., sent to said bank

in the first part of 1867, each before it was due, for collection, five notes; one being the note in suit which was last sent to the bank. The said four notes all bore date December 3, 1866, signed by defendants, and drawn to .the order of J. W. Hooker, payable at the First National Bank of St. Johns, and drawing seven per cent. interest, and ten per cent. after due; each for the sum of $300, and payable in two, three, four and five months from their date respectively: the two first falling due being unindorsed, and the two last falling due being indorsed "J. W. Hooker."

Said witness further testified that on March 23, 1867, defendants paid $200 on the note falling due February 4, 1867, which was indorsed on said note and sent to plaintiffs; that on April 24, 1867, defendants paid the note falling due in April, 1867, which was sent to plaintiffs; that on May 11, 1867, defendants paid $932.25, which was sent to plaintiffs, and on July 12, 1867, defendants offered to pay balance of note in suit if witness would apply $200 which was twice paid by mistake on the note falling due in February, 1867; that witness declined to receive such balance and deliver up the note in suit, and defendants then tendered said balance and deposited it in said bank.

On cross-examination he testified that the money was paid on May 11th, 1867, by defendant Hale; that said Hale came into the bank and said, "I guess I will take up those notes;" that witness then reckoned up the notes then in bank, making the amount due on the note falling due in February, 1867, $311.67; on note falling due in March, 1867, $311.08; on note falling due in May, 1867, $309.50. Hale paid the amount ($932.25) to witness, and witness delivered the notes to Hale and sent money to plaintiffs; and neither noticed the $200 indorsed on February note; that witness did not know of the mistake till Hale came into the bank and informed him on July 12, 1867, when Hale offered to pay the balance of the note in suit, less the $200, as stated in the direct examination: that the note in suit had not

been received by the bank on May 11, 1867, but that it was in the possession of the bank on July 13, 1867.

The plaintiffs then offered to prove by said witness, who was the owner of the notes falling due in February and March, 1867, at the time when they were paid; but the defendants objected on the ground that it was irrelevant, immaterial and incompetent.

The court sustained the objection.

The plaintiffs then offered in evidence two letters, written to him by the witness; the first of which he sent to plaintiffs with the money sent on March 23, 1867, and the second of which he sent to plaintiffs with money sent on May 11, 1867, the first of which stated that it inclosed for credit account of J. W. Hooker, amount paid and indorsed this day on Hathaway & Hale's note, $200.

The second letter stated that it inclosed $932.25, and added: "You will please credit from it J. W. Hooker, $622.25, in payment of Hale, H. & R. note of February 4 and March 6, and the balance, $309.50, will pay Hale, Hathaway & Rumsey's note sent in yours of May 2, protested 6th."

Defendants objected to the introduction of said letters as evidence, on the ground that they were irrelevant, immaterial and incompetent to the issue, and said Circuit Judge sustained the objection.

The defendants here rested, and the plaintiffs called Oren T. Sabin, who testified that he was one of the plaintiffs; that plaintiffs sent the note in suit to the First National Bank of St. Johns, on the 1st day of June, 1867, and not before.

The plaintiffs then offered to prove by said witness, that the plaintiffs purchased the note in issue of J. W. Hooker, on March 15, 1867, for a valuable consideration; to which the defendants objected on the ground that it was irrelevant, immaterial and incompetent, and which objection was sustained.

The plaintiffs then further offered to prove by said witness, Oren T. Sabin:

*First:* That said notes falling due in the months of February and March, 1867, belonged to and were the property of J. W. Hooker when they were paid and money sent to plaintiffs.

*Second:* That in sending said notes falling due in the months of February and March, 1867, to the First National Bank of St. Johns, and in receiving the money paid thereon from said bank, plaintiffs were acting as agents of said J. W. Hooker.

*Third:* That said plaintiffs paid all the money received on said two notes falling due in February and March, 1867, from said bank to said J. W. Hooker, including the $200 sent on March 23, 1867, and $622.25 of the money sent on May 11, 1867.

*Fourth:* That the said notes falling due in April and May, 1867, belonged to plaintiffs when they were paid.

Defendants objected to said evidence on the ground that they were irrelevant, immaterial and incompetent, and which was sustained by the court.

Said witness, Oren T. Sabin, further testified that plaintiffs applied money received on said notes from said bank as advised by said bank; that the $200 sent plaintiffs on March 23, 1867, and $622.25 of the money sent plaintiffs on May 11, 1867, by said bank, was placed to the credit of J. W. Hooker, and balance of money sent by said bank was taken by plaintiffs; and that plaintiffs did not know of the over payment on said February note until July 12, 1867, when their attention was called to it by said bank.

The Circuit Judge found that, as all the notes were, by their terms, made payable at the First National Bank of St. Johns, and all the money was paid at said bank on said notes that was paid, that the $200 overpaid on the note falling due in February, 1867, must be applied as payment, in so far, on the note in suit, without regard to who were

the owners of the notes, or to whom the money was finally paid, particularly as the money all went into the hands of the plaintiffs; and further, that as the balance of the note in suit, after deducting said $200, was offered to said bank, which bank, by the terms of the note, was the agent of plaintiffs, it must be treated as a payment of said balance.

Judgment was thereupon rendered for defendants.

To which ruling, finding and decision, plaintiffs excepted.

*Baldwin* and *Perrin,* for plaintiff in error.

1. Money paid by mistake can generally be recovered back in an action for money had and recived, or be set off to an action on contract; but money paid by mistake to an agent, and by the agent paid over to the principal, before notice of the mistake, can not be recovered back from said agent in an action for money had and received, or in any other action, and therefore can not be a subject of set off in an action by said agent, against the person paying the money by mistake.—*4 Cow. 454; 7 Id. 456; 1 Wend. 173; 3 Kelly, 90; 5 Barr. 516; 2 Swan, Tenn. 295; Comp. L.*§ *4180.*

Therefore the plaintiffs should have been permitted to show that the testimony offered was not irrelevant, immaterial and incompetent.

*a.* That the notes falling due in February and March, 1867, belonged to J. W. Hooker, and the April and May notes to plaintiffs, when they were sent to the bank for collection, and the money received on them by plaintiffs.

*b.* That plaintiffs acted as agents of J. W. Hooker in sending said February and March notes to the bank, and in receiving the money on them from the bank, including the said $200 overpaid by mistake.

*c.* That plaintiffs as such agents paid over all the money received on said February and March notes, including said $200, overpaid to said J. W. Hooker, before notice of mistake.

*d.* And should have been permitted to introduce the letter received from the bank, advising them on what notes the money was paid, and directing them how to apply the money.— *10 Mich. 461.*

2. The plaintiffs should have been permitted to prove that they bought the note in issue on March 15, 1867, for a valuable consideration.— *Comp. L. § 4180, Sub. 9.*

The February and March notes being unindorsed, were the property of J. W. Hooker, and all money paid on them was paid for him, and it can not be said that defendants, by making an over payment, by mistake, on said notes, thereby made a payment of the amount overpaid on another note not yet due, held by a third person.— *Edw. on Bills and Notes, 537, 538.*

It makes no difference that the notes were all payable at the bank where the over payment was made. Notes payable at a bank, are not thereby payable to a bank, and payment need not even be demanded at the bank.— *6 Mich. 240; 13 Pet. 136.*

Offer of payment of balance of note in suit, less the $200 overpaid on February note to the cashier of the bank and depositing such balance in the bank, is not a payment of such balance to the holder of the note, but judgment should have been rendered for such balance in favor of plaintiffs.

*Strickland & Stout,* for defendant in error.

1. It is wholly immaterial when the plaintiffs bought said note, and whether for a valuable consideration or otherwise, so far as the proof on the part of said plaintiffs is concerned.

For the reason that the law presumes the holder of negotiable paper, purchased the same, before due and for value.— *Pars. on Con. 254, 255. See note.*

The defendants did not attack that presumption by proof while the case was in their hands. Therefore the

plaintiff could not offer said evidence of purchase for value, by way of rebutting the defense, or otherwise.

2. The ownership of the notes falling due in February and March, 1867, could not affect the rights of defendants. They are bound by the terms of the agreement to pay the money at First National Bank in St. Johns, and when this had been done, they were discharged. And it can not be of any sort of importance to defendants who, or what parties were to receive said money from said bank.

3. The letters of said bank to the said plaintiffs, advising them how to dispose of said money, are in the nature of hearsay, and ought not to be received for the purpose of affecting the rights of defendants. The defendants are not privy to or responsible for any disposition of said money, by said bank or by the said plaintiffs.

4. It is entirely immaterial whether plaintiffs were acting as agents or as principals in sending to the bank at St. Johns the notes falling due in February and March, 1867. Because, whether agents or principals, the duties or obligations of defendants remain the same. The relations existing between the plaintiffs and J. W. Hooker, and between the plaintiffs and said bank, are not matters that in any way can operate to change the duties or liabilities of defendants.

5. If plaintiffs paid over to J. W. Hooker $200 more money than belonged to him, the defendants are not in fault for that action, and proof establishing that fact would not tend to charge these defendants.

The finding by the court is warranted by the proofs in the case, and the law applied to said proofs.

The notes were all sent to the First National Bank, St. Johns, by the plaintiffs, and all the money sent by said bank to said plaintiffs, except the balance due on the note in suit (after applying said $200 on said note,) and that balance was tendered to said bank to pay said note while it was in the hands of said bank, and left there for said

plaintiffs as, and for, a payment of the said balance due on on said note.

The First National Bank at St. Johns was made, by the parties, the agent to receive the money; and defendants were not bound to look after the money after it was paid to the bank.

CHRISTIANCY J.

If the plaintiffs were merely the agents of Hooker in the collection of the note falling due in February, upon which the overpayment of $200 was made in May following, and this surplus payment was received by them without being aware of the mistake made by the defendant and the Bank of St. Johns, and they, in good faith, and in ignorance of the mistake, paid the amount over to Hooker, their principal, we think it entirely clear the defendants would have no right of action against these agents for the amount thus overpaid, but must seek their remedy against Hooker, the principal, who received the money. And, for the same reason, they would be precluded from setting up, in payment or off-set, this amount against these plaintiffs if the latter were the owners of the note upon which the present action was brought; and especially if they obtained the note in good faith before due, and before the overpayment in question passed through their hands to Hooker.

Now, all the evidence offered by the plaintiffs and rejected by the court, tended to show just the state of facts here supposed, which, if satisfactorily established, would have constituted a full answer to the claim of defendants against the plaintiffs for this amount. All the evidence offered was, therefore, erroneously rejected.

The finding of the court was also erroneous, on the same ground, in holding that these facts would not constitute a sufficient answer to the claim of the defendants.

The judgment must, therefore, be reversed, with costs, and a new trial awarded.

The other Justices concurred.