ROBERT MILLER AND ISABELLA MILLER v. JOHN F. SEELEY.

*Principal and agent—Payment—Liability of agent—Mortgage.*

1. An agreement by which the negotiator of a loan is to receive one per cent. a year from the mortgagee for guarantying the payment of interest indicates nothing more than a personal engagement to pay the one per cent., and gives him no interest in the mortgage.

2. If an agent, to whom money is paid by a mortgagor after the foreclosure of the mortgage to apply upon the decree, makes prompt remittance to his principal, he cannot be held liable for his failure to make the proper application of the money; citing *Granger v. Hathaway,* 17 Mich. 500; *Bailey v. Cornell,* 66 Id. 107.

3. Where, after a foreclosure decree has been taken, the mortgagor makes a payment to the party who negotiated the loan, but who is not the agent of the mortgagee, which he at once forwards to the mortgagee, and notifies the solicitors for both parties, he cannot be said to be guilty of such negligence as will make him liable to the mortgagor for the money on the failure of the mortgagee and his solicitors to make such application.

Error to Tuscola. (Beach, J.) Argued January 21, 1892. Decided February 5, 1892.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Black & Corcoran*, for appellant.

*H. P. Atwood*, for plaintiffs.

MONTGOMERY, J. Plaintiffs negotiated a loan of $6,000 through the agency of defendant, who, in making the loan, acted for one Mary A. Quigley, a resident of Farmers' Village, N. Y. In the fall of 1888 the mortgage was forwarded to the defendant by Mrs. Quigley's bankers in Farmers' Village, with instructions to commence foreclosure. The defendant handed the note and mortgage to Messrs. Black & Corcoran, a resident firm of attorneys, who began foreclosure proceedings in chancery. After they had proceeded to decree, the plaintiff Robert Miller paid to the defendant $74 to apply on the mortgage, which the defendant at once transmitted to the bankers of Mrs. Quigley at Farmers' Village. There was testimony tending to show that he also notified Messrs. Black & Corcoran of the payment, and that they in turn notified the solicitor who acted for the Millers in the foreclosure proceedings. The amount of this payment was not, however, actually indorsed on the decree, and on the foreclosure sale the property was bid in for Mrs. Quigley by the solicitors at a price substantially equal to the full amount of the decree. It appeared by the testimony that there was an agreement between the defendant and Mrs. Quigley, by the terms of which the defendant was to receive 1 per cent. per annum in consideration of his having guaranteed the payment of the interest on the $6,000 by the plaintiffs. The court directed a verdict for the plaintiffs for $74 and interest, assigning as reasons that it appeared from the evidence that the defendant had such an interest in the mortgage as made him responsible for the application of the money, and that the mortgage was sent to him for foreclosure, and

he selected the solicitors, and was responsible for their failure and neglect to make the application. We think the court was in error.

1. It did not appear that Seeley was given an interest in the mortgage by his arrangement with Mrs. Quigley. The only testimony tending in this direction was that he was to receive 1 per cent. per year for guarantying the payment of interest. This did not indicate anything more than a personal engagement to pay this 1 per cent. on the part of Mrs. Quigley, and the evidence does not disclose that Seeley had even entitled himself to insist on the payment from her.

2. If it be assumed that the defendant received the money as agent of Mrs. Quigley, he cannot be held for a failure on her part to apply it in reduction of the indebtedness represented by the decree, if he promptly transmitted the money to her. *Granger v. Hathaway,* 17 Mich. 500; *Bailey v. Cornell,* 66 Id. 107.

3. It is contended, however, by the plaintiffs' attorney that the defendant was not the agent of Mrs. Quigley to receive the money, and that he, therefore, must be held to have undertaken to see that the money was applied. The defendant testifies, however, that this $74 was secured by a chattel mortgage which was collateral to the real-estate mortgage, and that such chattel mortgage was payable to him as agent of Mrs. Quigley. Moreover, if the defendant was not the agent of Mrs. Quigley, his duty to the plaintiffs would have required that he transmit the money to Mrs. Quigley, and notify the parties who had charge of the foreclosure, in order that the proper indorsement should be made upon the decree. There was testimony tending to show that he did all this, and that both the plaintiffs and their solicitor in the foreclosure proceedings knew of the payment. It

certainly cannot be said that the defendant was, under such circumstances, guilty of such negligence as renders him liable as matter of law.

The judgment will be reversed, with costs of this Court, and a new trial ordered.

Morse, C. J., McGrath and Long, JJ., concurred. Grant, J., did not sit.