## KING *v.* KLINE.

Where, in an action of trespass for killing a dog, the defendant justified the killing, and in support thereof gave in evidence, that the animal was vicious and ferocious; that this fact was known to his owner, the plaintiff, and that at the time he was killed, he was within the paled enclosure of the defendant, and in the act of repeating the commission of depredations on his property; *held*, that it was error in the court below, to take these facts from the jury, and to instruct them that they must find damages for the plaintiff: although the amount of the damages was submitted, under all the evidence in the case, to the jury.

If one cannot otherwise protect and preserve his property from the depredations of a dog, he will be justified in killing him, when discovered in the act on his grounds and within his enclosure.

IN error from the Common Pleas of Lycoming county.

*July* 27. This action, which was trespass, originated before a justice of the peace, and was brought by Thomas Kline, against Valentine King, to recover damages for a dog which belonged to the plaintiff, and was killed by the defendant. The case came into the Common Pleas, by appeal from the judgment of the justice, by the defendant. The plaintiff, in his declaration, laid the value of the dog at thirty dollars. The defendant pleaded *not guilty*, and subsequently added a *special plea*, in which he admitted, that he did kill the dog as stated in plaintiff's declaration; but alleged, that he was justified in so doing, because the said dog came into his garden and enclosed premises for the purposes of plunder and depredation, and was actually engaged therein, at, and about the time the defendant killed him; that the animal was of a dangerous breed, and disposition, and was accustomed to enter his premises

for purposes of depredation, &c. The defendant, in support of this plea, proved, that his garden and yard, in which his dwelling-house stood, were enclosed by a good pale fence ; that the dog was seen, in the rear of defendant's house, in the act of eating some herring, which he had abstracted from the wall of the house, where they had been hung by the wife of the defendant, as was usual ; that the defendant then set an iron trap near the place where the herring were usually hung to dry, and that the dog was caught therein, and shot by the defendant. The defendant also gave evidence, that the dog was vicious, ferocious and unruly, and that this was known to the plaintiff ; and also that the dog was worthless. The plaintiff then gave some evidence, that the dog was valuable to him as a farmer ; that he kept strange cattle and hogs from trespassing on his land ; that he was worth $25, and that he was not vicious if let alone.

At the trial, the defendant's counsel contended, that the plaintiff had misconceived his form of action ; that it should have been *trespass vi et armis*, and not *trespass on the case ;* that the justice of the peace had no jurisdiction of the case, and that for these reasons the present action could not be maintained.

The court, (ANTHONY, P. J.,) after referring to, and commenting on the evidence in the case, and stating that the action was properly brought, and that the justice had jurisdiction, instructed the jury as follows : "We instruct you, that if you believe the evidence given by the defendant, it is not of that nature which authorized him, under his plan of justification, to kill the dog. But the jury have a right to take into consideration all the evidence of the good and bad qualities of the animal, in order to determine his value, and what damages the plaintiff is entitled to."

The defendant excepted to the charge of the court. The jury found a verdict of $1 50 and costs, for the plaintiff ; whereupon, the defendant sued out this writ of error, and assigned, for error here, the instruction of the court to the jury, as herein stated, and also their instruction, as to the form of action, and jurisdiction of the justice.

*H. D. Ellis*, for plaintiff in error, contended, that as the dog, when he was killed, was in the possession of the defendant, and not in that of the plaintiff, his owner, the remedy of the plaintiff was by action of *trespass vi et armis*, and not case, the form of action brought. To maintain an action on the case for injury to personal property, the plaintiff must be in the actual possession of the property. He cited Dolph *v.* Ferris, 7 Watts & Serg. 367 ; Ward *v.*

Taylor, 1 Barr, 240 ; 1 Lord Raym. 109 ; 2 Lord Raym. 1583 ; Credit *v.* Brown, 10 Johns. Rep. 365 ; Leonard *v.* Wilkins, 9 Johns. Rep. 233 ; Putnam *v.* Payne, 13 Johns. Rep. 311.

*Armstrong,* contrâ.—Justice had jurisdiction : act of 14th of March, 1814. Dogs are property. They are treated as property by the act of 23d March, 1809, for the purpose of taxation. They may have an owner. Trespass lies for taking or injuring all domiciliary and tame animals : 1 Chitty on Plead. 152 ; 4 Bacon's Ab. 576. Trespass for killing a dog will lie : Lentz *v.* Stroh, 6 Serg. & Rawle, 34. Not slander to say a man stole a dog ; yet the owners of dogs not without remedy. They may recover ample damages in a civil action : Findlay *v.* Bear, 8 Serg. & Rawle, 571, 572. Trespass lies : Dolph. *v.* Ferris, 7 Watts & Serg. 367 ; 1 Chit. Plead. 152, 153. It is a rule of law that the general property of personal chattels, *primâ facie,* as to all civil purposes, draws to it the possession.

*July* 30. COULTER, J.—This is quite a small case, in relation to the damages found by the jury. But since it is here, the principles of law applicable to the facts must be adjusted as if it were larger. The court took the facts entirely from the jury, and instructed them, that they must find damages for the plaintiff below, submitting to them the amount only. There was evidence, and pretty strong evidence, that the dog or slut was vicious, ferocious and savage, and that this was known to the plaintiff. A dog may be so ferocious as to become, a public nuisance ; and in such cases, if his owner permits him to run at large, any person may kill him. Public convenience and safety require and justify such a rule of law. The animal ceases to be reclaimed and domesticated, except for the convenience and ill temper of his master ; and all other people, to whom he is a dangerous and vexatious annoyance and nuisance, may treat him as *feræ naturæ,* and slay him : 13 Johns. Rep. 312. The court ought to have so stated the law to the jury, and allowed them to determine from the facts, whether the dog or slut was of the character I have described. Another branch of defence was, that the slut was in the act of committing a trespass in the garden of the defendant, at the time she was killed, and had committed a trespass therein a few hours before, by taking fish from the wall, which his wife had hung up to dry, as is usual among women. The defendant's wife had an undoubted right to hang up the fish to dry in his own enclosure convenient to the kitchen,

or against the kitchen wall. And he had a right to protect and preserve that convenient use of his property. His garden was well fenced; and his property, whether meat or fish, in his cellar, in his kitchen, or in his yard, it was lawful for him to preserve against any man's dog; and if he could not otherwise protect it, he might kill the dog when caught on his premises in the act of destruction. In Mason *v.* Keeling, Lord Raym. 608, Chief Justice Holt says, " That if a dog breaks a neighbour's close, his owner will not be subject to an action." And are such animals to be chartered for the annoyance and discomfort of people? But if the owner were responsible, who can detect and bear witness against the nocturnal depredators and thieves? A dog is a useful animal; but he must be taught useful qualities and innocent habits by his master: except when defending his master's property, or his person, or that of his family, and there he may be as courageous and ferocious as he pleases. A dog is not to be kept for the purpose of destroying the property of neighbours. And if this man, King, found it necessary for the preservation of his property, he was justified in killing the dog, when found in the act of destruction on his ground and within his own enclosure. Thus it was adjudged a good plea of justification, that the dog was in the warren of defendant, pursuing conies, and that defendant killed him : Cro. James, 44. So it is, if a dog runs after deer in a park : Barrington *v.* Turner, 3 Lev. 28. And a man's garden here is equally protected. It is somewhat peculiarly within the law's guardianship, as being immediately connected with his domestic arrangements, and almost always, as in this case, attached to his castle or dwelling. Whether he could not preserve his property and the customary use of it, without destroying the animal committing depredations when found in the act, ought to have been submitted to the jury by the court, as a question within their province to decide. The judgment is reversed, because the facts were withdrawn from the jury. The other errors assigned are not sustained.

Judgment reversed, and a *venire de novo* awarded.