WILLIAM B. LIVERMORE *vs.* DANIEL K. BATCHELDER.

Middlesex.   Nov. 16, 1885. — Feb. 25, 1886.   DEVENS & GARDNER, JJ., absent.

At the trial of an action for killing the plaintiff's dog, the judge, who tried the case without a jury, found that the dog came upon the defendant's premises, and there killed and maimed some of his hens, which were in his hen-house; that the dog, after having been driven away, came upon the defendant's premises again, and was killed by him while running towards his hen-house, he having reasonable cause to believe that the dog was proceeding to maim and kill others of his hens. *Held*, that, as it was not found that the defendant had reasonable cause to believe that it was necessary to kill the dog in order to prevent him from killing the hens, the defendant had no ground of exception to a ruling that the killing of the dog was not justifiable.

TORT for killing the plaintiff's dog. Trial in the Superior Court, without a jury, before *Brigham*, C. J., who found the following facts:

The plaintiff, on February 20, 1884, was the owner of a dog, which was duly licensed by the town of Reading, and wore a collar, duly marked as required by the Pub. Sts. c. 102, § 80.

On said February 20, the plaintiff's dog, with another dog, came upon the defendant's premises and there killed and maimed hens of the defendant, which were in his hen-house or shed. The dogs were driven away, and, in about fifteen minutes afterwards, came again upon the defendant's premises, and were running toward the same shed and hen-house of the defendant, when the defendant, having reasonable cause to believe that the dogs were proceeding to maim and kill others of his hens in said shed and hen-house, shot and killed the plaintiff's dog.

Upon these facts, the judge ruled that the defendant's killing of the plaintiff's dog under the circumstances stated, was not in law justifiable; and thereupon found and ordered judgment for the plaintiff. The defendant alleged exceptions.

*I. W. Richardson*, for the defendant.

*J. G. Holt*, for the plaintiff.

HOLMES, J. The ruling of the court, as we understand it, meant that the facts found, without more, did not disclose a justification for killing the plaintiff's dog. It was found that the defendant had reasonable cause to believe that the dog was proceeding to maim and kill his hens, but not that he had reasonable cause to believe that it was necessary to kill the dog in order to prevent him from killing the hens. The justification, therefore, was not made out. *Wright* v. *Ramscot*, 1 Saund. 84. *Janson* v. *Brown*, 1 Camp. 41. See *Commonwealth* v. *Woodward*, 102 Mass. 155, 161.

It is unnecessary to consider whether the common law remedy is taken away by the Pub. Sts. c. 102, §§ 80–110.

*Exceptions overruled.*