CARRIE G. HUBBARD v. ELLERY D. PRESTON.

*Nuisance—Killing trespassing dog.*

On the trial of a suit to recover damages for killing plaintiff's dog, it appeared that the defendant kept no dog; that for eight days prior to the killing he and his family had been annoyed every night by a number of dogs congregating on his lawn, and barking, quarreling, and fighting there; that he drove them away on several nights, and on three different days complained to the police, but without obtaining any relief; that their noise kept the members of his family awake, and seriously annoyed them; that on the night of the killing he drove them away twice, but they returned; and that about 8 o'clock in the evening he went out with his revolver, and shot among the dogs then on his lawn, but not at any particular dog, and that he did not know who owned any of them. And it is held that the defendant had a right to protect his family from such a nuisance, and that it was a question for the jury whether he used such means as were reasonable and necessary, under the circumstances, to rid himself of it.

Error to Wayne. (Brevoort, J.) Argued January 21, 1892. Decided February 5, 1892.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Julian G. Dickinson,* for appellant.

*Corliss, Andrus & Leete,* for plaintiff.

LONG, J.  On November 9, 1890, defendant shot and killed plaintiff's dog.  An action was commenced in justice's court, where defendant had judgment.  On appeal to the circuit court for Wayne county, the cause was tried before a jury.  The only question submitted to the jury on the trial in the circuit court was the value of the dog, which the jury found to be $25, and verdict and judgment were entered for that amount.  Defendant brings error.

On the trial the defendant introduced testimony tending to show justification for the killing.  The court permitted the testimony to be introduced, but held that it did not amount to a justification.  The only question raised in this Court is whether the court should have submitted that branch of the case for the determination of the jury.

We think the court was in error in not so doing.  It appeared that the defendant did not keep a dog; that he lived on Bagg street, city of Detroit, and for eight days prior to the shooting he and his family had been greatly annoyed by the congregation of a large number of dogs about his premises, barking, quarreling, and fighting there; that they came every night upon his lawn, about his house, when it became dark (on two occasions he counted 12 dogs), and that they kept up their cries all night at intervals; that he complained to the police on three different days prior to the killing, but without any relief, and he had driven them away on several nights; that the noise made by them kept the members of his family awake, and seriously annoyed them; that he did not know the owners; that on the night he killed plaintiff's dog he drove them away twice, but they returned; that

he could not get near them, but they would return; that they became an intolerable nuisance, and finally, about 8 o'clock in the evening, he went out with his revolver, and shot among them, while on his lawn. He did not know who owned any of them, and did not shoot at any particular dog.

The defendant had a right to protect his family from such nuisance; and it was a question for the jury whether he used such means as were reasonable and necessary, under the circumstances, to rid himself of it.

The judgment must be reversed, with costs, and a new trial ordered.

MORSE, C. J., MCGRATH and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.