RENSSELAER BOWERS v. JOHN HOREN.

*Killing trespassing dog—Evidence of value.*

1. The law does not justify the killing of a neighbor's valuable dog because he has left tracks on a freshly painted porch, has been found on one occasion in the henhouse, and has come around the house at night, chased cats into the trees, and barked.[1]

2. In a suit to recover damages for the killing of a shepherd dog, chiefly valuable for his ability to herd cattle and horses, it is competent for farmers who have knowledge of the characteristics and qualities of the dog, and of the value of such an animal to a farmer who keeps stock, to testify to his value.

Error to Wayne. (Hosmer, J.) Argued October 12, 1892. Decided November 4, 1892.

Trespass. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Frank H. Rutter (Julian G. Dickinson,* of counsel), for appellant.

*James H. Pound (John F. Cullen,* of counsel), for plaintiff.

GRANT, J. Defendant shot the plaintiff's dog. Plaintiff brought suit in justice's court, and recovered verdict and judgment for $50. Defendant appealed to the circuit court, where another jury gave him a verdict for $75, and the defendant appealed to this Court. The court below instructed the jury that the defendant was not justified in killing the dog, and that the only question for them to determine was the value of the dog.

1. The charge was correct. The defendant, one morning, saw the dog in front of his house, and found that he

---

[1] See *Hubbard v. Preston,* 90 Mich. 221.

had left some tracks on his freshly painted porch. He thereupon procured his gun and shot the dog. Defendant's wife testified that one night she found the dog in the henhouse; but no damage was done, except that the next morning she found one egg broken. The only other justification offered for killing the dog was that he came around the defendant's house at night, chased cats into the trees, and barked. Defendant. knew that plaintiff owned the dog, but never informed him that the dog gave him any annoyance. The law does not justify one in killing his neighbor's valuable dog under these circumstances. It might as well be contended that it is justifiable for one to shoot a neighbor's horse because he is in the habit of breaking into his inclosure, or making a noise around his house at night.

2. The dog was a shepherd dog, and was chiefly valuable for his ability to herd cattle and horses. The plaintiff testified to the characteristics and qualities of the dog, and his ability to herd cattle and horses. Several other witnesses also testified as to their knowledge of the dog, and what they had seen him do. These witnesses were all farmers, and of course knew the value of such a dog to a farmer who kept stock. These witnesses were permitted, under objection, to testify to the value of the dog. It is insisted by the defendant that this was not a case for an expression of the opinion or the judgment of witnesses as to value, and that the value of a dog can be shown only by giving testimony of his qualities, and that the jury must make their estimate from such testimony, unless it be shown that the dog in question possesses a marketable value, from the fact that he belongs to some peculiar breed, or that he possesses some peculiar qualities which render him salable at some approximately regular price. To sustain this doctrine, defendant's counsel cite *Dunlap v. Snyder,* 17 Barb. 561; *Brown v. Hoburger,* 52 Id. 15;

*Smith v. Griswold,* 15 Hun, 273.    These cases expressly overrule the case of *Brill v. Flagler,* 23 Wend. 356.    We cannot concur in the doctrine of these cases.    It is not necessary that personal property must have a market value in order to render such opinions competent.    The value of a horse depends upon his qualities for farming, or trotting, or family use, or for many other kinds of work.    Clearly, jurors who were not farmers would not be competent to determine the value of a farm horse simply from a description of the horse, statements of the work he will do, and the qualities he possesses.    No doctrine is better settled than that in such case the evidence of farmers, who know the value of such horses, is competent to aid the jury in determining the value.    This principle applies with equal force to the case of a shepherd dog, whose value, like that of a horse, depends upon his qualities.    One may testify to the value of land, although it has no market value. *Railway Co. v. Chapman,* 38 Kan. 307 (16 Pac. Rep. 695).

Judgment affirmed.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred.    DURAND, J., did not sit.