FREDERICK B. NESBETT *vs.* HORATIO N. WILBUR.

Bristol.    October 22, 1900. — November 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Killing of Dog engaged in killing Hens — Common Law Remedy not taken away by Statute.*

In an action for killing a dog which was engaged in killing the defendant's hens on the defendant's premises, the judge having found that the defendant rightly believed that there was no other way to save them than to kill the dog, and that he was justified in so doing, a refusal to rule that Pub. Sts. c. 102, § 94, giving a right to any person to kill a dog found out of the enclosure or immediate care of its owner, worrying neat cattle, sheep, or lambs, takes away the rights of the defendant at common law, and that not having complied with the statute the defendant is liable, is rightly refused.

TORT, for the alleged unlawful killing of the plaintiff's dog while engaged in killing the defendant's hens on the defendant's premises.   At the trial in the Superior Court, without a jury, the judge found for the defendant; and the plaintiff alleged exceptions, which, not having been signed by the judge who tried the case, because of his resignation, were allowed by *Bond,* J. The facts appear in the opinion.

*F. A. Milliken,* for the plaintiff.

*L. LeB. Holmes & A. B. Collins,* for the defendant.

HOLMES, C. J.   This is an action for killing a dog.   The judge before whom the case was tried found. that the dog was engaged in killing the defendant's hens, that the defendant rightly believed that there was no other way to save them than to kill the dog, and that he was justified in doing so.   The plaintiff excepted to a refusal to rule that our statutes took away the common law, and that, not having complied with the statutes, the defendant was liable.

The provision in Pub. Sts. c. 102, § 94, does not take away the rights of the defendant at common law.   That section gives a right to " any person " to kill a dog found out of the enclosure or immediate care of its owner, worrying neat cattle, sheep, or lambs.   Its object is " to rid society of a nuisance by killing the dog."    *Cummings* v. *Perham,* 1 Met. 555, 557.    *Blair* v. *Fore-*

*hand*, 100 Mass. 136, 143. It does not touch the rights of an owner in defence of his property. Our legislation as a whole discloses no scheme of a nature to exclude those rights.

Taken strictly, the exceptions do not open a question concerning the common law, nor is one argued. We need say no more than that the finding for the defendant was justified. No doubt such a justification as that relied on depends upon a number of variable facts: the imminence and nature of the danger, the kind of property in peril, from whom or what the danger proceeds, the relative importance of the harm threatened and that which is done in defence. Compare, for instance, *Clark* v. *Keliher*, 107 Mass. 406, with the cases cited below. But these considerations and comparisons are all eliminated by the judge's finding that the defendant was justified. There is nothing which enables us to say or leads us to think that he was wrong. *Wadhurst* v. *Damme*, Cro. Jac. 45. *Wright* v. *Ramscot*, 1 Wms. Saund. 84. *Barrington* v. *Turner*, 3 Lev. 28. *Janson* v. *Brown*, 1 Camp. 41. *Livermore* v. *Batchelder*, 141 Mass. 179. *Leonard* v. *Wilkins*, 9 Johns. 233. *Brill* v. *Flagler*, 23 Wend. 354. *Aldrich* v. *Wright*, 53 N. H. 398. *Hubbard* v. *Preston*, 90 Mich. 221.

*Exceptions overruled.*