# Crow v. McKown.

### Damages for Killing Dog.

(Decided April 15, 1915.   68 South. 341.)

1. *Appeal and Error; Review; Presumption.*—The rule is that all presumptions are in favor of the action of the trial court; hence, where the bill of exceptions fails to disclose that the evidence therein set out was all the evidence, error cannot be predicated upon the refusal of the affirmative charge.

2. *Animals; Civil Liability; Notice of Vicious Propensities.*—Where defendant shot a dog which was attacking his goat, the fact that the owner of the dog had no notice of the dog's vicious tendency, was without bearing upon the right of defendant to kill it, that depending solely upon the circumstances of the case, the probable amount of loss and the imminence of the danger.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by J. O. Crow against J. H. McKown for damages for killing his dog. Judgment for defendant, and plaintiff appeals. Affirmed.

Transferred from the Court of Appeals under the act creating said court.

DAVIS & BAKER, for appellant.

ISBELL & SCOTT, for appellee.

GARDNER, J.—This case was transferred to this court from the Court of Appeals as provided by law. The cause of action arose from the killing by appellee of a dog, the property of the appellant. The defense seems to have been justification for the act for that the dog, together with a number of others, was, at the time he was shot, engaged in an attack upon a goat or kid, the property of the defendant, at the premises of

[Crow v. McKown.]

the defendant, and from which attack the animal died.

(1) The bill of exceptions does not disclose that the evidence there set out was all the evidence in the case, and, under the rule of indulging presumption in favor of the ruling of the court below, error cannot be predicated upon the refusal of the affirmative charge.

(2) The other assignment of error and argument of counsel show the insistence of appellant to be that plaintiff was entitled to recover unless the evidence shows that he had knowledge or notice that his dog was of a vicious character, or was known to attack sheep or goats, etc.

We are of the opinion that this insistence is without merit. This is not an action for damages against the owner for injuries caused by the act of a vicious animal (2 Cooley on Torts [3d Ed.] §§ 402-404, pp. 690-696), but the action is by the owner of the dog for the wrongful killing, and the question of justification is clearly not dependent upon such knowledge on the part of the owner.

That the owner of domestic animals has the right, under certain circumstances, to defend them from serious injury or destruction through the attack of a dog, seems to be well settled, and was so recognized in the following language found in the opinion in *Means v. Morgan*, 2 Ala. App. 547, 56 South. 759, cited by appellant's counsel: "The right to defend domestic animals from injury or destruction through the attacks of other animals, and the extent to which a person may lawfully go in such defense, necessarily depends on the circumstances and necessities of the particular case, as to whether or not the right is reasonably and properly exercised, so as to make it a lawful and justifiable act."

See, also, the following authorities, where the question is treated: 2 Cyc. 416; 1 Jaggard on Torts, pp.

31—192

152, 153; *Nesbett v. Wilbur*, 177 Mass. 200, 58 N. E. 586; *Anderson v. Smith*, 7 Ill. App. 354; 6 Mayf. Dig. p. 274; *Hubbard v. Preston*, 90 Mich. 221, 51 N. W. 209, 15 L. R. A. 249 and note, 30 Am. St. Rep. 426; *Parrott v. Hartsfield*, 20 N. C. 242, 37 Am. Dec. 673; 9 Eng. Rul. Cases, 687.

The question of justification is treated very succinctly by the Massachusetts court in *Nesbett v. Wilbur, supra*, as follows: "No doubt, such a justification as that relied on depends upon a number of variable facts —the imminence and nature of the danger, the kind of property in peril, from whom or what the danger proceeds, the relative importance of the harm threatened, and that which is done in defense."

Much consideration is also given the question in the case of *Anderson v. Smith, supra*. However, it is unnecessary that we here consider this feature, or that we state any conclusion in reference thereto, as we are only concerned on this appeal with the insistence just stated, and to which alone the assignments of error relate; that is, the necessity of a knowledge on the part of the owner of the vicious character of the dog. A reading of the cases cited will demonstrate that such is not necessary, and that principle is without application here.

After referring to certain instances in which justification is claimed because of a necessity to protect against a vicious dog. Mr. Cooley, in his work on Torts (volume 2, p. 702), says, in such justifiable instances "the dog may be killed, whether the owner has notice of his disposition or not."

The charge of the court does not appear in the record, nor does the bill of exceptions show that it contains all the evidence in the case. The assignments of error relate to the refusal of charges presenting the

[Spenny v. Mobile & Ohio Railroad Co.]

question just discussed and exceptions to a portion of the oral charge, which portion does not appear in the bill of exceptions, but enough is shown to indicate that it raises the same question we have here treated.

We find no reversible error in the record, and the judgment of the court is, accordingly, affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.