# Kershaw v. McKown.

### Damage for Killing Dog.

#### (Decided May 18, 1916.  72 South. 47.)

1. **Animals; Killing; Responsibility.**—It is a question of fact for the jury whether there is an apparent necessity for killing an animal to protect human beings or property which the animal is attacking.

2. **Same.**—Where the action was for killing a dog, a charge asserting that if the dog was not worth greatly more than the goat it was attacking, and if the dog was acting in a way that would lead a reasonably prudent man to conclude that it was necessary to kill the dog to save the life of the goat, or to save it from great bodily harm, the verdict should be for defendant, was not error.

3. **Same.**—In such an action the court properly refused to charge that if the goat which was being attacked was of less value than that of the dog, or the value of the two was not greatly disproportionate, the verdict should be for the plaintiff for the value of the dog killed, and that if defendant could have given the dog away and thus have saved the goat from harm or death, he had no right to kill the dog.

[Kershaw v. McKown.].

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by C. G. Kershaw against J. H. McKown for damages for killing a dog. From a judgment for defendant, plaintiff appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

See, also, 12 Ala. App. 48, 68 South. 559.

The court's charge for defendant is as follows: If you believe from the evidence that the dog here sued for was not worth greatly more than the goat, and if you further believe that the dogs were acting in a way that would lead a reasonably prudent man to conclude that it was necessary to kill these dogs in order to save the life of the goat or save it from great bodily harm, then you should render a verdict for defendant. The charges refused to plaintiff asserted the proposition that, if the goat which was being attacked was of less value than that of the dog killed, or if the value of the two was not greatly disportionate, the verdict should be for the plaintiff for the value of the dog killed, and that, if defendant could have driven the dogs away, and thus save the goat from harm or death, then he had no right to kill the dog.

DAVIS & BAKER, for appellant. ISBELL & SCOTT, for appellee.

THOMAS, J.—This case was formerly before this court by transfer from the Court of Appeals as provided by law.

(1) The decision therein was to the effect that, where defendant shot a dog attacking his domestic animals, the fact that its owner had no notice of the dog's vicious propensities had no bearing upon the right of the defendant to kill it; that this right to kill, of necessity, depended solely upon the circumstances of the case, the probable amount of the loss, and the apparent imminence of the danger.—*Crow v. McKown*, 192 Ala. 480, 68 South. 341, L. R. A. 1915E, 372.

In *Nesbett v. Wilbur*, 177 Mass. 200, 58 N. E. 586, Chief Justice Holmes said: "No doubt, such a justification as that relied on depends upon a number of variable facts, the imminence and nature of the danger, the kind of property in peril, from whom or what the danger proceeds, the relative importance of the harm threatened, and that which is done in defense."

The suit in the *Nesbett Case* was for the alleged unlawful killing of the plaintiff's dog while it was engaged in killing the

defendant's hens on the defendant's premises. The court found no error in the finding of the trial court that: "The defendant rightly believed that there was no other way to save them [the hens] than to kill the dog, and he was justified in doing so."— *Marshall v. Blackshire,* 44 Iowa 475.

So in *Anderson v. Smith,* 7 Ill. App. 354, 358, 359, the court thus states the rule: "The law from the earliest times has recognized the right of a man to defend his property against the unlawful acts of man or beast; the question in the adjudicated cases not being whether such right of defense existed, but whether it was properly exercised in the given case. This right of defending property from unjustifiable seizures, attacks, or destruction is inseparably connected with and necessarily attaches to and springs from the natural right of acquiring, holding, and enjoying property. * * * A party having the right to defend his person and property, his justification must, in the very nature of things, depend upon the fact whether, in the given case, he has exercised that right in a reasonable or an unreasonable manner, taking into consideration all the circumstances of the case surrounding the transaction, and in this regard every case must be determined from its own circumstances; for it is impossible to establish an iron rule of law that will fully meet the exigencies of every case that may possibly arise. The most that can properly be said as a rule of law is, that there must be an apparent necessity for the defense, honestly believed to be real, and then the acts of defense must in themselves be reasonable. Acts beyond reason are excessive. The consequences of the proposed act to the aggressor should be considered in connection with the consequences of nonaction to the party defending, whether the defense be made in favor of person or property; and in case of defense of domestic animals from attacks of other animals the relative value of the animals may be a proper circumstance for the jury to consider in arriving at a conclusion whether the defense was a reasonable one under the circumstances.—Cooley on Torts, § 346."

Mr. Cooley collects the cases to the effect that a vicious animal may lawfully be killed, though the circumstances would not support an action against the owner, as where a dog is actually doing mischief (*Wadhurst v. Damrue,* Cro. Jac. 45; *Vere v. Cawdor,* 11 East 569; *Barrington v. Turner,* 2 Lev. 28; *Protheroe v. Matthews,* 5 C. & P. 581; *Putnam v. Payne,* 13 Johns. [N. Y.]

312), or where, if it becomes necessary in order to protect against him, the dog may be killed whether the owner has or has not notice of his dosposition (*Gillum v. Sisson*, 53 Mo. App. 516; *Fenton v. Bisel*, 80 Mo. App. 135; *Fisher v. Badger*, 95 Mo. App. 289, 69 S. W. 26).

In *Lipe v. Blackwelder*, 25 Ill. App. 119, the defendant had killed the plaintiff's dog which was trespassing upon his wheat-field, and a verdict for the defendant was affirmed. The court said: "Every man has a right to defend and protect his property of every kind and character from injury or destruction, provided he uses only such means as are reasonably necessary under the circumstances. And the reasonableness or unreasonableness of the means is always a question of fact for the jury."

Before one could be justified in killing the dog it would be necessary to show that protection to human beings, or more valuable property, appears to require it.—*Woolf v. Calker*, 31 Conn. 121, 81 Am. Dec. 175; 2 Cooley on Torts (3d Ed.) 703.

It is apparent from an examination of the many authorities on this question that no "iron rule of law" will fully meet the exigencies of every case that may arise, and that the apparent necessity to kill the animal in order to protect human beings or property is a question of fact for the jury.—*Miller v. Seeley*, 90 Mich. 221, 51 N. W. 366; *Lipe v. Blackwelder, supra; Anderson v. Smith, supra.*

An examination of the evidence convinces us that the defendant, acting on the reasonable appearances of the attack on his animal by dogs, was properly justified by the verdict of the jury. The affirmative charge requested by the plaintiff was properly refused.

(2) When the oral charge of the court is considered in its entirety, it is clear that no reversible error was committed by the court. So the charge given at defendant's request was not error. The defendant had the right to act on the reasonable appearance of things in defending his property from such attack.

(3) Under the facts of the case the court properly refused the charges requested by plaintiff, numbered from 1 to 5, inclusive.

There was no error of the court in its rulings on the pleadings and on the admission of evidence.

The case is affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.