(82 South. 42)

COLEMAN v. MINOR. (2 Div. 194.)

(Court of Appeals of Alabama. May 6, 1919. Rehearing Denied June 3, 1919.)

1. ANIMALS &44 — KILLING ANIMALS — KNOWLEDGE OR NOTICE OF VICIOUS PROPENSITIES.

In an action for killing a dog, in which defendant pleaded justification of necessity in order to protect his guineas from harm, whether plaintiff had knowledge or notice of his dog's vicious propensities is not material.

2. ANIMALS &44—ACTION FOR KILLING ANIMAL — PLEA OF JUSTIFICATION — REASONABLE CAUSE OF BELIEF.

In an action for damages for killing a dog worrying defendant's guineas, it is essential to justification, on the ground of necessity to kill to save his own property from harm, that defendant had reasonable cause to believe that such necessity existed.

3. ANIMALS &52—KILLING OF ANIMALS—KNOWLEDGE OF VICIOUS HABITS BY OWNER.

Where killing of dog was sought to be justified on the ground he was a nuisance, under Code 1907, § 6236, as a dog suffered to run at large by owner knowing of his tendency to worry or kill domestic fowls, knowledge or notice on the part of the owner of the vicious habits of the animal is a material inquiry, unless the animal is such as that the law charges him with notice of its vicious tendencies.

4. ANIMALS &52 — NUISANCE — DOG RUNNING AT LARGE.

Where defendant's killing of dog is sought to be justified on ground that he was a nuisance because suffered to run at large in violation of Code 1907, § 6236, the question of the relative value of the dog to the property of defendant, which the dog was injuring, is not material; the law attaching no value to a thing that is a common nuisance.

5. ANIMALS &44 — KILLING ANIMAL—AFFIRMATIVE CHARGE—MALICE.

An affirmative charge could properly be given for defendant on counts charging that his act in killing plaintiff's dog was malicious, where there was no evidence showing that the defendant or his servant knew who was the dog's owner, or that the act of killing the dog was prompted by malice toward the owner.

6. MASTER AND SERVANT &332(2)—ACTION FOR KILLING ANIMAL—SERVANT'S AUTHORITY—AFFIRMATIVE CHARGE.

Defendant was not entitled to an affirmative charge on the theory that if plaintiff's dog was not one of those dogs in the habit of worrying defendant's fowls, defendant's servant acted without authority in killing the dog, in view of defendant's testimony that he delegated to his servant the authority to determine whether the dog in question was one of the dogs habitually worrying his fowls.

7. ANIMALS &44—ACTION FOR KILLING ANIMAL—QUESTION FOR JURY.

In an action for damages for killing a dog worrying defendant's fowls, whether it was necessary to kill the dog to save the fowls, whether the dog had vicious habits rendering it a common nuisance, and whether plaintiff had notice of such vicious habits, held for the jury.

Appeal from Circuit Court, Greene County; Henry B. Foster, Judge.

Action by Philip B. Minor against Thomas W. Coleman, for damages for killing a dog. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Most of the facts sufficiently appear from the opinion. The following is charge 3, given for the plaintiff:

"I charge you, gentlemen of the jury, that plaintiff's dog at the time it was killed was not unlawfully running at large."

The following charges were refused the defendant:

"(A) If the jury believe from the evidence that Jim Ward killed the plaintiff's dog, and that said Jim Ward was only authorized by the defendant to kill a dog or dogs while killing or trying to catch his guineas on defendant's premises, then the jury must find for the defendant."

(B) General affirmative charge.

R. B. Evins, of Greensboro, and Edward De Graffenreid, of Tuscaloosa, for appellant. McKinley, McQueen & Aldridge, of Eutaw, for appellee.

BROWN, P. J. This is an action of trespass by appellee against appellant to recover damages for the killing of a dog. Some of the counts charge that the act of killing the dog was "willful and intentional," therefore wrongful (Minor v. Coleman, 74 South. 841 [1]), others that it was "wrongful," and others that it was "malicious." Some of the counts charge that the defendant killed the dog, while others aver that "the defendant did, by and through one Jim Ward, who was the agent of the defendant, and acting under his instructions," kill the plaintiff's dog. L. & N. R. R. Co. v. Lacey, 82 South. 636 [2]. The defendant interposed the general issue and pleas of justification, some of them on the principle, universally recognized as well grounded on the constitutional or natural right to hold and enjoy property, that one may protect his animate property from the vicious attacks of other animals, and, if

---

&For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 16 Ala. App. 5.    [2] Post, p. 146.

there exist an impending necessity therefor, may kill the attacking animal to save his own from death or serious harm. And this principle extends to cases where the circumstances are such as to impress a reasonable man of an existing necessity to act and the actor honestly believes that such necessity exists. Kershaw v. McKown, 196 Ala. 123, 72 South. 47; Crow v. McKown, 192 Ala. 480, 68 South. 341, L. R. A. 1915E, 372; Thompson v. State, 67 Ala. 106, 107, 42 Am. Rep. 101; Hinckley v. Emerson, 4 Cow. (N. Y.) 351, 15 Am. Dec. 383; Livermore v. Batchelder, 141 Mass. 179, 5 N. E. 275; Nesbitt v. Wilbur, 177 Mass. 200, 58 N. E. 586; Anderson v. Smith, 7 Ill. App. 354; Dodson v. Mock, 20 N. C. 282, 32 Am. Dec. 677; 1 Jaggard on Torts, 152, 153; 2 Cooley on Torts, 702, 703; 19 Eng. Rul. Cas. 687; note, 15 L. R. A. 251, 252.

As to whether the necessity to kill in the particular case exists, and whether or not excessive force was used, are questions of fact, in the determination of which the nature of the attack, from what the danger proceeds, the character of the property in peril, the relative importance of the harm threatened (involving a consideration of the relative value of the property) and that which is done in defense, are circumstances that should be submitted to and considered by the jury. Kershaw v. McKown, supra; Nesbitt v. Wilbur, supra.

[1] Under this phase of justification the inquiry as to whether the owner of the animal had knowledge or notice of its vicious' propensities is not material. Crow v. McKown, supra; Kershaw v. McKown, supra.

[2] But it is essential to justification under this rule of law that the actor have reasonable cause to believe that it is necessary for him to kill in order to preserve the property attacked from destruction or serious harm. Livermore v. Batchelder, 141 Mass. 179, 5 N. E. 275; Hinckley v. Emerson, supra.

The defendant's plea 2 does not meet this requirement, and the demurrers thereto were properly sustained. Plea 4, however, in its averments meets all the requirements, and the court erred in sustaining the demurrer thereto. The defendant's plea 3, predicated upon the same principle as plea 4, and which is in some respects similar to that plea, by its averments carries a greater burden than plea 4, and for this reason the doctrine of error without injury cannot be applied to this ruling of the court.

The defense presented by the defendant's fifth plea is sustained by principles equally as well grounded. The principles embraced in the maxim, "Sic utere tuo ut alienum non lædas," are a qualification on the rights of the owner to the use and enjoyment of his property to the extent that it cannot be used to the hurt or unreasonable annoyance of his neighbor, and is applicable alike to personalty as well as realty. Kinney v. Koop-

man, 116 Ala. 310, 22 South. 593, 37 L. R. A. 497, 67 Am. St. Rep. 119; Hosmer v. Republic Iron & Steel Co., 179 Ala. 415, 60 South. 801, 43 L. R. A. (N. S.) 871; Stouts Mountain C. & C. Co. v. Tedder, 189 Ala. 637, 66 South. 619. And it is upon this principle that the Legislature has declared that—

"Any person who, owning or having in his possession, or under his control, any dog or hog known to worry or kill sheep, domestic fowls, or goats, who suffers such dog or hog to run at large, must. * * * be fined not less than five, nor. more than fifty dollars." Code 1907, § 6236.

The law touching this phase of justification is well stated by the Supreme Court of Pennsylvania thus:

"There was evidence, and pretty strong evidence that the dog or slut was vicious, ferocious, and savage, and that this was known to the plaintiff. A dog may be so ferocious as to become a public nuisance; and in such cases, if his owner permits him to run at large, any person may kill him. Public convenience and safety require and justify such a rule of law. The animal ceases to be reclaimed and domesticated, except for the convenience and ill temper of his master; and all other people, to whom he is a dangerous and vexatious annoyance and nuisance, may treat him as feræ naturæ, and slay him. [Putman v. Payne] 13 Johns. Rep. [N. Y.] 312. The court ought to have so stated the law to the jury, and allowed them to determine from the facts whether the dog or slut was of the character I have described." King v. Kline, 6 Pa. 318.

The principle is also discussed in Hubbard v. Preston, 90 Mich. 221, 51 N. W. 209, 15 L. R. A. 249, 30 Am. St. Rep. 426; Bowers v. Horen, 93 Mich. 420, 53 N. W. 535, 17 L. R. A. 773, 32 Am. St. Rep. 513; Hinckley v. Emerson, supra; Dodson v. Mock, supra; 20 R. C. L. 489, § 102.

[3, 4] Here notice or knowledge on the part of the owner of the vicious or predatory habits of the animal is a material inquiry, unless the animal is such as that the law charges him with notice of its vicious tendencies. Hayes v. Miller, 150 Ala. 621, 43 South. 818, 17 L. R. A. (N. S.) 748, 124 Am. St. Rep. 93. When one resorts to this summary method of abating a nuisance, he should be prepared to show that he has notified the owner of the animal's vicious tendencies and its vexation to him, or that the owner of the animal had such notice and is guilty of a breach of some duty or good faith in the manner of the use or keeping of his property. On the other hand, the question of the relative value of the property injured to that destroyed by the act of abating the nuisance is not a material inquiry, for the reason that the law attaches no value to a thing that is a common nuisance.

[5] The evidence in this case shows that the dog, when killed, was trespassing on the

defendant's premises, and there is no evidence that the defendant, or his servant Ward knew that the plaintiff was the owner of the dog, nor was there any other evidence tending to show that the act of killing the dog was prompted by malice toward its owner. Therefore the affirmative charge might well have been given for the defendant as to the counts charging that the act was "malicious." Hobson v. State, 44 Ala. 380; Hampton v. State, 45 Ala. 85.

The case as now presented is somewhat different from what it was on the former appeal. Jim Ward did not testify as a witness on the last trial, and there was evidence tending to show that the defendant admitted that he killed the dog, and no eyewitness to the occurrence was examined, so the question as to whether the dog was killed by the defendant or his servant was for the jury under the evidence in this case.

[6] The defendant's instruction to Ward, according to his own testimony, delegated to Ward the authority to determine whether the dog that was killed was one of the dogs that had previously trespassed upon the defendant's premises and had been in the habit of worrying and destroying defendant's fowls. Therefore the defendant was not entitled to the affirmative charge, on the theory that if plaintiff's dog was not one of those dogs, Ward was acting without the scope of his authority. For like reasons, Charges A and B, refused to the defendant, were properly refused.

[7] Under the evidence in this case the question as to whether there was an impending necessity to kill the dog in order to save the fowls from destruction was for the jury. It is likewise a question for the jury as to whether the dog was possessed of such vicious and predatory habits as that it was a common nuisance; and it was likewise a question for the jury as to whether the plaintiff had notice or knowledge that the dog had such vicious or predatory habits. The affirmative charge requested by the defendant was therefore properly refused.

For a like reason, charge 3, given at the request of the plaintiff, should have been refused. Code 1907, § 6236.

The rule announced in Kershaw v. McKown, 12 Ala. App. 485, 68 South. 559, based on a dictum in Means v. Morgan, 2 Ala. App. 547, 56 South. 759, that the relative value of the property is controlling, is in effect disapproved in the second appeal. Kershaw v. McKown, 196 Ala. 123, 72 South. 47, and the holding in Kershaw v. McKown, 12 Ala. App. 485, 68 South. 559, and Means v. Morgan, supra, are expressly disapproved and overruled on this point. For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.