## Richmond

## A. W. BREEDLOVE V. MORRIS HARDY.

### January 19, 1922.

### Absent, Saunders, J.

1. ANIMALS—*Dogs—Property—Action for Destruction or Injury.*—
   At common law the possession of a dog vests the owner with
   such a base or qualified property as that he can maintain a civil
   action for the unlawful conversion, destruction, or injury thereof.
   By statute in Virginia (Code 1919, sec. 2324) dogs which have
   been assessed with a license tax which is not delinquent, are
   personal property, and may be the subject of larceny as well as
   of malicious or unlawful trespass.
2. ANIMALS—*Dogs—Action for Killing—Justification—Burden of
   Proof.*—Where the proof of the killing of a dog is clear, the
   burden is then upon the defendant who justifies his action to
   show the necessity therefor.
3. ANIMALS—*Justification for Killing of Animals—Defense of Other
   Animals.*—The owner of domestic animals or fowls has the right
   to defend them from injury or destruction through the attacks
   of other animals, but the extent of such right of defense
   necessarily depends on the circumstances and necessities of
   the particular case—that is, whether or not the right is reason-
   ably or properly exercised, so as to make it lawful and justi-
   fiable.
4. ANIMALS—*Dogs—Killing Dogs—Justification Question for Jury.*—
   As a general proposition, in an action for damages for killing
   a dog, it may be said that where the defense of the right to
   kill the dog is made, the question is one of fact for the jury,
   to be decided after due consideration of all the peculiar cir-
   cumstances relating thereto.
5. ANIMALS—*Dogs—Killing Dogs—Justification—Case at Bar.*—De-
   fendant, in an action for wrongfully killing the dogs of another,
   testified that the dogs had been disturbing his turkeys during
   the whole summer, and that on the morning he shot the dogs
   they had chased the turkeys over on a neighbor's premises,
   where he followed them and found them after his turkeys, but

when he got close enough to shoot they had stopped chasing the turkeys.

*Held:* That the question for the jury was whether or not a man of ordinary prudence would be reasonably led to believe that it was necessary for him to kill the dogs, and that a judgment for defendant would not be set aside upon the ground that the evidence was insufficient.

6. DOGS—*Killing Dogs—Dogs Chasing Sheep, or Injuring or Killing Domestic Animals or Fowls—Duty of Game Warden.*—Acts 1918, p. 622, section 4, providing that it shall be the duty of the game warden to kill any dog found injuring or killing any domestic animals or fowls, relates to the duties and powers of the game warden, and does not refer to and is not intended to deny or in any way affect the qualified property which the owner has in his dog, or to extend the right of a defendant to kill dogs in defense of himself or his property.

7. DOGS—*Dogs Chasing or Injuring Domestic Animals or Fowls— Instruction that Dogs Become Outlawed in Action Not Maintainable for Their Killing.*—In an action for killing plaintiff's dogs, the jury were instructed that if they believed at the time defendant killed plaintiff's dogs the dogs were injuring or killing domestic fowls belonging to defendant, under the statute law of Virginia, the life of the dogs became forfeited, and it became the duty of the warden to kill the dogs, and therefore the dogs became outlawed, and plaintiff could not have any property right in the dogs, and the jury must find for the defendant.

*Held:* Reversible error.

Error to a judgment of the Circuit Court of Lunenburg county in a proceeding by motion for a judgment for damages. Judgment for defendant. Plaintiff assigns error.

*Reversed and remanded.*

The opinion states the case.

*George E. Allen,* for the plaintiff in error.

*Blaine F. Harman* and *W. L. Welborn,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

[1] This is a motion, the object of which is to recover the value of two dogs, alleged to have been wrongfully, unlawfully, intentionally and deliberately shot and killed. There was a verdict and judgment in favor of the defendant, and the plaintiff assigns error. It is clear that such an action can be maintained, it being well settled at common law that the possession of a dog vests the owner with such a base or qualified property as that he can maintain a civil action for the unlawful conversion, destruction or injury thereof. *Commonwealth* v. *Maclin,* 3 Leigh (30 Va.) 810; *Davis* v. *Commonwealth,* 17 Gratt. (48 Va.) 618. By statute in Virginia (Code 1919, sec. 2324) dogs which have been assessed with a license tax which is not delinquent, are personal property, and may be the subject of larceny as well as of malicious or unlawful trespass.

[2, 3] Where the proof of the killing of the dog is clear, the burden is then upon the defendant, who justifies his action to show the necessity therefor. In this case the defendant justified the killing because he claimed that it was necessary in order to protect his turkeys and chickens from repeated attacks and injuries by these dogs. His right may be thus defined: The owner of domestic animals or fowls has the right to defend them from injury or destruction through the attacks of other animals, but the extent of such right of defense necessarily depends on the circumstances and necessities of the particular case—that is, whether or not the right is reasonably or properly exercised, so as to make it lawful and justifiable.

In *State* v. *Smith,* 156 N. C. 628, 72 S. E. 321, 36 L. R. A. (N. S.) 910, it is said to be the settled law in that jurisdiction, "That an action may be maintained to recover damages for the unlawful killing or injuring of the dog of another, but if the dog is in pursuit of a domestic animal,

and 'if the danger to the animal whose injury or destruction is threatened be imminent or his safety presently menaced, in the sense that a man of ordinary prudence would be reasonably led to believe that it is necessary for him to kill in order to protect his property, and to act at once, he may defend it even unto the death of the dog or other animal which is about to attack it.' " *Scott* v. *Cates,* 175 N. C. 336, 95 S. E. 552.

[4] As a general proposition, it may be said that where this defense of the right to kill is made, the question is one of fact for the jury, to be decided after due consideration of all of the peculiar circumstances relating thereto. *Hubbard* v. *Preston,* 90 Mich. 221, 51 N. W. 209, 30 Am. St. Rep. 426, 15 L. R. A. 249; *Ten Hopen* v. *Walker,* 96 Mich. 236, 55 N. W. 657, 35 Am. St. Rep. 598, 67 Am. St. Rep. 295, note, 1 R. C. L. 1124; *Thurston* v. *Carter,* 112 Mo. 361, 92 Atl. 295, L. R. A. 1915C 359, Ann. Cas. 1917A 389; *Crow* v. *McKown,* 192 Ala. 480, 68 So. 341, L. R. A. 1915E 372.

[5] The defendant having testified that he knew these dogs very well, but did not know to whom they belonged, and that they had been coming out every day or two during the whole summer disturbing his turkeys; that they frequently came on his place and ran his turkeys away, and that on the morning on which they were killed, they had driven his turkeys off, over on a neighbor's premises; that he got his gun and went over in the field where they were and found them after his turkeys, though when he got close enough to shoot they had stopped chasing them; the case presents a question for the jury as to whether or not a man of ordinary prudence would be reasonably led to believe that it was necessary for him to kill the dogs in order to protect his property. No hard and fast rule can be laid down, but in such cases the parties must generally accept the verdict of the jury. While the defendant had the right to kill these dogs, if necessary, in the defense of his property, he had

no right to kill them wantonly, or if his property could be reasonably protected without such killing. So that, if we had only to determine whether the court erred in refusing to set aside the verdict of the jury, we would, with some hesitation, affirm the judgment.

[6, 7] The other errors assigned relate to the instructions, and in a case like this the jury should be so clearly instructed as to leave them in no doubt as to their duty. The instructions here given appear to be both confusing and conflicting, but the only one to which it is necessary to direct special attention is instruction No. 2, which reads thus:

"The court further instructs the jury, that although they may believe from the evidence that the defendant did kill the plaintiff's dog or dogs, yet if the jury further believe from the evidence that at the time the defendant killed the plaintiff's dog or dogs, the said dog or dogs was or were injuring or killing any domestic fowls belonging to the said defendant, under the statute law of Virginia,. the life of said dog or dogs became forfeited, and it became the duty of the warden to kill said dog or dogs in any manner that he might see fit, and therefore the said dog or dogs became outlawed, and the plaintiff could not have any property right in the said dog or dogs which could be the subject of damages, and you must, *there,* find a verdict for the defendant."

This instruction appears to be based upon the statute, section 4, Acts 1918, p. 622, entitled: "An act to prevent damage and injuries by dogs, and to provide compensation to owners of stock so injured; to provide for license on dogs, and to provide for penalties for violation thereof," which provides among other things that it shall be the duty of the game warden in case "any dog be found killing, injuring, or chasing sheep, or injuring or killing any domestic animals or fowls," to kill such dog in any manner he may see fit. The instruction, it will be observed, is mandatory, to the

effect that because it was the duty of the game warden under such circumstances to kill dogs, therefore these dogs became outlawed, and the plaintiff could not have any property right in them which could. be the subject of damages, and upon these facts directed a verdict for the defendant. No authority is cited for this proposition and we are unable to justify such a conclusion. The statute relates to the duties and powers of the game warden. It does not refer to and was not intended to deny or in any way to affect the qualified property which the owner has in his dog, or to extend the right of a defendant to kill dogs in the defense of himself or his property. The question as to what would have been the rights of the game warden under the circumstances disclosed by this evidence does not appear to be involved, and there is nothing in the statute, so far as we apprehend it, which was intended to change the general doctrines applicable to cases like this. The jury may have obeyed this instruction and ignored every other doctrine of law properly applicable, or contained in the other instructions, and all the evidence in the case, except the statement that the dogs had chased the turkeys, and concluded therefrom that they were bound to find a verdict in favor of the defendant. This appears to us so clearly to be harmful error against the plaintiff as to necessitate a reversal of the case and a resubmission of it to a jury under instructions which fully recognize the rights of the parties as herein indicated.

*Reversed and remanded.*