KENEDA ROGERS, Appellee, v. LEO WOLF, Appellant.

**TRIAL:** Objections and Exceptions—Omnibus Exception. An exception to an instruction, to the effect that it is ''incorrect'' and ''prejudicial,'' presents no question.

**APPEAL AND ERROR:** Reversal—Improper Allowance of Nominal Damages. A proper allowance of actual damages will not be reversed because of the improper allowance of nominal exemplary damages.

**EVIDENCE:** Opinion Evidence—Value of Pure-Bred Dog. On the issue as to the value of foxhounds, it may be shown that they were (1) well bred, (2) available for pedigreed record, and (3) (to some fair extent) possessed of certain characteristics and adapted to certain uses.

*Appeal from Van Buren District Court.*—D. M. ANDERSON, Judge.

FEBRUARY 6, 1923.

ACTION to recover the value of two foxhounds which were killed by defendant while, as he alleged in his petition, they were in the act of worrying his sheep. The case was tried to a jury, resulting in a verdict for plaintiff for the value of the dogs, with a nominal amount as exemplary damages. Defendant appeals.—*Affirmed.*

*Walker & McBeth,* for appellant.

*Sloan & Sloan* and *J. C. Calhoun,* for appellee.

Stevens, J.—I. At the time the dogs were killed by appellant, they were near the fence on the land of an adjoining owner. Appellant, according to his testimony, upon observing that his sheep were frightened and running towards the barn, took his shotgun and went to the pasture where he had placed the sheep, and found the dogs in the act of chasing and snapping at them. Just after they passed onto the inclosure of an adjoining neighbor, he shot and killed both dogs. Plaintiff in his petition asked both actual and exemplary damages. Appellant in his answer admitted that he killed the dogs, but averred that the killing was lawful, under the statute. This, together with the claim that the dogs had not been registered in the office of the county auditor, as required by law, were the defenses relied upon. Section 2340 of the Code Supplement, 1913, is as follows:

"It shall be lawful for any person to kill any dog caught in the act of worrying, maiming or killing any sheep or lamb, or other domestic animal, or any dog attacking or attempting to bite any person, and the owner shall be liable to the party injured for all damages done, except when the party is doing an unlawful act. The provisions of this section shall not apply to any damage done by a dog affected with hydrophobia."

There is no contradiction of appellant's testimony that the dogs were on his premises, and that, whether due to their presence or not, the sheep became frightened and ran toward the barn. The claim of appellant that the dogs were in the act of chasing and biting the sheep is to some extent corroborated by the testimony of another witness, who saw the sheep shortly afterward, and observed marks that might have resulted from the bite of a dog. A neighbor saw the dogs proceeding toward appellant's pasture, and also after they had entered thereon, a short time before he heard the shots fired. His observations were made from the platform of a windmill tower. He further testified that the dogs were traveling with their noses to the ground, as if following a trail for some wild animal, but that he did not see them molest the sheep or do anything to frighten

them. He heard the shots fired, and shortly thereafter went to the scene of the shooting, where he had some conversation with appellant about the matter.

It was argued by counsel for appellant that the evidence was insufficient to entitle plaintiff to have the issues submitted to the jury. Without reciting or reviewing the record, we content ourselves with stating our conclusion that we think it would have been error for the court to have directed a verdict for the defendant.

II. Complaint is made of Paragraphs 5, 7, 9, 10, 11, and 12 of the court's charge to the jury. The exception preserved to each of these instructions, except 11 and 12, is that it was prejudicial, and announced an incorrect proposition of law. Exceptions in this form are not sufficient to entitle the appellant to have the same reviewed by this court. Chapter 24, Acts of the Thirty-seventh General Assembly; *Willis v. Schertz,* 188 Iowa 712; *Anthony v. O'Brien,* 188 Iowa 802.

1. TRIAL: objections and exceptions: omnibus exception.

His complaint of Instructions 11 and 12 is that there was no evidence on which same could be predicated. These instructions related to exemplary damages. The jury made a special finding on the subject of exemplary damages. The allowance thereof was nominal only. The submission of this issue could not have been otherwise prejudicial, and a reversal should not be granted in a case in which there is a verdict awarding actual damages, which verdict must be sustained, where allowance of exemplary damages is nominal only.

2. APPEAL AND ERROR: reversal: improper allowance of nominal damages.

III. Complaint is also made of the refusal of the court to give certain requested instructions. The exceptions preserved to the refusal of the court to give these requested instructions were not sufficiently specific to call for review. *Anthony v. O'Brien,* supra.

IV. A large number of adverse rulings of the court upon objections to testimony offered by appellee are assigned as error. We shall not undertake to refer to each ruling complained of. The evidence admitted related to the breeding and training of foxhounds. Witnesses familiar with their habits, susceptibility to training, their

3. EVIDENCE: opinion evidence: value of pure-bred dog.

characteristics, and adaptation for the chase, were permitted to testify in considerable detail, and to express rather a variety of opinions. Much of this testimony bore upon the question of value. It was proper, in showing the value of the dogs, to prove that they were well bred, that they were available for record as pedigreed hounds, and, to some extent at least, their characteristics, and the purpose for which the dogs are used. We are inclined to think that the latitude allowed was somewhat broad, but, taking the record as a whole, we think that no prejudicial error was committed. Just how far appellee had a right to go in showing the breeding, habits, characteristics, and other qualities of foxhounds, we need not undertake to say. As bearing somewhat upon this question, however, see *Cameron v. Bryan*, 89 Iowa 214; *Hamby v. Samson*, 105 Iowa 112; *Kelly v. Alderson*, 19 R. I. 544 (37 Atl. 12); *Columbus R. Co. v. Woolfolk*, 128 Ga. 631 (58 S. E. 152); 13 Encyc. of Evidence 522, 523; *Bowers v. Horen*, 93 Mich. 420 (53 N. W. 535); *Ford v. Mt. Tom Sul. Pulp Co.*, 172 Mass. 544 (48 L. R. A. 96); Wigmore on Evidence, Sections 68 and 201; 10 A. L. R. 689.

Section 2340 of the Code was enacted for a good purpose, and we are not inclined by construction to unduly limit its scope. Questions of fact submitted to the jury and found by that body are binding upon this court. It is immaterial that, in passing upon the weight thereof, we might reach a different conclusion. The verdict is not large, and, under the evidence, a verdict in a greater sum might possibly have been sustained. We have examined the record with great care, and are forced to the conclusion that the judgment below must be permitted to stand.—*Affirmed.*

PRESTON, C. J., FAVILLE and DE GRAFF, JJ., concur.