(116 So. 509)

## BROWNING et al. v. BELUE. (8 Div. 602.)

Court of Appeals of Alabama. April 17, 1928.

Fred Wall, of Athens, for appellants.

J. G. Rankin, of Athens, for appellee.

SAMFORD, J. This was an action claiming damages for the wrongful and willful killing of plaintiff's pointer dog. The defense was the general issue and special pleas setting up justification (1) on the universally recognized principle, which is grounded on the constitutional and natural right to hold and enjoy property and that a person may protect his animate property from the vicious attack of other animals, and if there exist an impending necessity he may kill the attacking animal to save his own from death or from serious harm (Coleman v. Minor, 17 Ala. App. 102 [2], 82 So. 42), that the dog killed was a public nuisance, in that he was known to worry or kill sheep, domestic fowls, or goats, or that the dog was known to be vicious (King v. Kline, 6 Pa. 318, and adopted as the law of this state in Coleman v. Minor, supra).

In the first of the defenses above set out no knowledge of the character of the dog is necessary, but in the second defense notice or knowledge on the part of the owner of the vicious or predatory habits of the animal killed is a material inquiry, unless the animal is such as that the law charges him with notice. Hayes v. Miller, 150 Ala. 621, 43 So. 818, 11 L. R. A. (N. S.) 748, 124 Am. St. Rep. 93. Measured by the foregoing rules, a plea claiming immunity on the ground of constitutional or natural right must allege that at the time the dog was killed there was a pending necessity to kill the dog in order to protect the property of defendant from death or serious harm. None of the pleas as first filed met the requirements.

A plea under the defense claiming that the dog was a public nuisance must allege the known vicious character of the dog and a notice or knowledge of this fact on the part of plaintiff. The demurrers to the pleas as first filed were properly sustained.

After demurrer sustained to pleas 4, 5, 6, 7, and 8, defendant amended these pleas so as to meet the demurrers, and these amended pleas were sustained, and upon these pleas the cause was tried.

Upon the whole evidence the court gave at the request of plaintiff the general affirmative charge. We have carefully read and considered this record, and without entering into a detailed discussion of the evidence we are clear to the conclusion that the trial judge committed no error in giving this charge. A man has no right to shoot down and kill a dog unless it be to protect his own property from serious harm, or the dog is so vicious as to be a public nuisance as hereinabove declared.

The judgment is affirmed.

Affirmed.