Skog, Respondent, vs. King, Appellant.

*March 5—April 3, 1934.*

NELSON, J. The material facts are not in dispute. On November 22, 1931, the plaintiff and the defendant owned and occupied adjoining farms. The plaintiff was the owner of a dog, trained to hunt raccoons. The defendant was the owner of a Spitz dog, kept by him as a pet. On the night of November 22, 1931, after the defendant and his family had retired, he was awakened by the noise of dogs fighting in his yard. At that time he owned a number of sheep which were kept in a corral west of his barn. He arose, went out of doors, taking his shotgun with him. He observed that his sheep were scattered all over the yard. There was an occasional flash of lightning which permitted him to observe that the plaintiff's dog had his dog down and was chewing him up. He first shot at what he thought was the plaintiff's dog, but apparently did no damage to anything except to a pair of overalls. Later on he shot at the dogs, killing both of them. The advisory triers found that at the time the dogs were killed there were no sheep in the immediate vicinity of the dogs and that there was no evidence to justify the assertion that the plaintiff's dog was or had been worrying defendant's sheep. The court approved of the findings and concluded that at the time the defendant killed the plaintiff's dog it was not killing, wounding, or worrying any horses, cattle, sheep, lambs, or other domestic animals.

The court was of the opinion that there was no legal justification for the killing of the plaintiff's dog because the defendant did not show that plaintiff's dog was actually "found killing, wounding or worrying any horses, cattle, sheep,

lambs or other domestic animals." Sec. 174.01, Stats. The court was of the opinion that a dog is not a domestic animal within the meaning of the language "other domestic animals" found in the statute. The court based its opinion upon an opinion of the attorney general (1929, Op. Atty. Gen. 207, April 18, 1929) in which it was held that a dog is not a domestic animal for which recovery may be had under the provisions of sec. 174.11.

It is our opinion that the trial court was right in concluding that the legislature did not intend to include dogs within the language "other domestic animals." However, it does not follow that that conclusion ends the controversy. Although originally, in early common-law times, dogs were not considered property, that view has long since been abandoned and today dogs are generally, if not universally, held to be property. 3 Corp. Jur. p. 16, § 4. Whether or not dogs are domestic animals within the meaning of sec. 174.01 is quite immaterial. The common-law right to kill a dog in protection of property, generally is not affected or limited by statutes conferring the right to kill a dog in defense of specific animals. *Anderson v. Smith,* 7 Ill. App. 354; *Nesbett v. Wilbur,* 177 Mass. 200, 58 N. E. 586. In so far as such statutes are more narrow than the common law, it is generally held that the common-law right continues as to cases outside the scope of such statutes. *Sabin v. Smith,* 26 Cal. App. 676, 147 Pac. 1180; *State v. Churchill,* 15 Idaho, 645, 98 Pac. 853, 19 L. R. A. n. s. 855; *McChesney v. Wilson,* 132 Mich. 252, 93 N. W. 627; *Brauer v. English,* 21 Mo. App. 490. The defendant's Spitz dog was clearly property which he had a right to protect.

It is our opinion that the supreme court of Alabama in *Coleman v. Minor,* 17 Ala. App. 102, 82 South. 42, correctly stated the applicable rule when it said:

"One may protect his animate property from the vicious attacks of other animals and, if there exist an impending

necessity therefor, may kill the attacking animal to save his own from death or serious harm. And this principle extends to cases where the circumstances are such as to impress a reasonable man of an existing necessity to act and the actor honestly believes that such necessity exists."

There is no evidence in the record tending to show that the defendant acted maliciously. It is undisputed that prior to the night in question the defendant's sheep had been worried by dogs and seven of them had been killed (which evidence the trial court erroneously considered irrelevant and immaterial) ; that after the defendant had retired he was awakened by the noise of dogs fighting in his farm yard; that he arose, took his shotgun and went out-of-doors; that he then observed that his sheep were out of their corral and scattered all over the yard; that in the flashes of the lightning he observed that a large dog had his own pet dog down and was chewing at his throat; that his dog was in his yard where he had a right to be, and that the raccoon dog was not only where he had no right to be but was engaged in a vicious assault upon his dog. It is our opinion, under the undisputed facts, that the defendant acted reasonably and was clearly justified in killing plaintiff's dog for the purpose of protecting his own dog from the vicious attack made upon it and to save it from death or serious harm.

Had the incident occurred in the daytime when the defendant could have taken more accurate note of the entire situation, it might have been his duty, acting reasonably, first to attempt to separate the dogs rather than to kill the attacking trespassing dog immediately. In other words, a person may not lawfully kill a trespassing dog simply because it is engaged in a fight with his dog unless it reasonably appears to be necessary to do so in order to protect his dog from death or serious harm.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.