## WARD vs. THE STATE.

[INDICTMENT FOR LARCENY OF A DOG.]

48  161
129  324

*Dog; not the subject of larceny.*—There is no such property in dogs as makes them the subject of larceny in this State.

APPEAL from the City Court of Mobile.
Tried before Hon. C. F. MOULTON.

The indictment in this case, charged that the defendant "feloniously took and carried away a dog, the personal property of Patrick O'Brien, of the value of twenty-five dollars," against the peace, &c. He went to trial on plea of not guilty, and was convicted. The taking by the defendant was proved, but the evidence was conflicting as to whether it was a felonious taking. The owner of the property testified that the dog was worth $25.

The defendant, among other charges, requested the following : "A dog is not the subject of larceny in this State, and the jury must, therefore, find defendant not guilty under this indictment." This charge the court refused, and the defendant excepted. There were other exceptions reserved to the rulings of the court below, which need not be further noticed.

R. & O. J. SEMMES, for appellant.—By the common law, dogs are not the subject of larceny—and the common law as to this has not been changed by statute in this State.

At the common law, dogs were not "personal property." However, injuries to a dog may be viewed in a civil action brought by the owner, to recover damages for the injury; the rule is different in a criminal prosecution for stealing the dog. At the common law choses in action were not the subject of larceny, although they be of value to the owner, and an action on the case would lie for their destruction. It took a statute to cure the defect in the law.

JOHN W. A. SANFORD, Attorney-General, *contra.*—The rule of the common law that dogs can not be the subject of larceny, should not be enforced. It has long been held that civil actions could be maintained to recover them as property, or to recover damages for injury done to them which depreciated their value. And being recognized as property, no reason can be assigned why the thief should not be punished as well for the larceny of a dog as for any other property of equal value.—*Parker v. Wise*, 27 Ala. 480.

PECK, C. J.—The appellant was indicted in the city court of Mobile for stealing a dog, convicted and sentenced to be imprisoned for the period of thirty days in the common jail of said county. On the trial, the appellant requested the court to charge the jury that a dog was not the subject of larceny in this State, and that he could not be convicted under said indictment. This charge the court refused to give, and he excepted. Other questions are made in the bill of exceptions, but it is unnecessary to consider them, as we hold the charge asked and refused, as above stated, should have been given.

The writers on the common law uniformly say that dogs are not the subjects of larceny. We refer to Blackstone only, as one of the safest and best of these writers. He says: "As to those animals which do not serve for food, "and which, therefore, the law holds to have no *intrinsic* "value, as dogs of all sorts, and other creatures, kept for "whim and pleasure, though a man may have a *base* prop- "erty therein, and maintain a civil action for the loss o

"them, yet they are not of such estimation as that the "crime of stealing them amounts to larceny."—4 Wendell's Bl. 236. In the case of the *People v. Maloney*, 1 Parker's Cr. Rep. 593, it is held, that at the common law a dog was not the subject of larceny, but as the statutes of that State, New York, recognized dogs as property, by subjecting them to taxation, and defined larceny, so as to cover the taking and carrying away all kinds of property, except the freehold, and things which were parcel of it, the stealing of a dog was larceny.

In North Carolina it has been held, that malicious mischief may be committed by killing a dog.—*The State v. Latham*, 13 Iredell's Law Rep. 33. But whether this is by the common law, or by a statute of that State on the subject, we are not advised.

This question is a new one with us, and, so far as we know, has never been decided in this court. In the case of *Parker v. Wise*, 27 Ala. 480, it is decided that a dog is a species of property, for an injury to which an action at law may be sustained. That in an action for shooting a dog, it is not necessary to show that the dog had any pecuniary value; that wherever there is a wrongful taking of the property, or a wrongful injury done to it, the law implies that the owner has sustained some damage; and although there be in fact no sensible damage from the loss, or injury of the property, or from an actual deprivation of its use, the owner is entitled to recover some damage.

This case leaves the question, as to the character of the property held in these animals, as it stands by the common law, and, as we have no legislation, changing the common law on this subject, it is the law by which the liability of the appellant, under this indictment, must be determined; and by that law we have seen that dogs are not the subjects of larceny.

The indictment was found under § 3708, R. C., which says, that any person who steals any personal property, under any other circumstances than are specified in the two preceding sections, is guilty of petit larceny. We

think it safest to refer to the common law, for the meaning of the words "personal property," as used in that section, and that law declares that dogs are not *such* personal property as is the subject of larceny. Is it not reasonable to presume the legislature used these words in the sense in which they are understood in the common law, in reference to the same subject? Besides, we think it persuasive to show that these animals, in this State, are not regarded as property, in the proper sense of that term, as they are neither administered as such, nor taxed as other property. It is the duty of an administrator to make an inventory of the personal property of the deceased, and this duty is discharged under the obligation of an oath. Yet, we know that dogs are not inventoried as a part of the estate of deceased persons. So, too, by the constitution, all property is required to be taxed, in exact proportion to its value.—Art. IX, § 1. Yet we also know, that dogs are not taxed, although every person is required to render to the assessor, under oath, a list of his taxable property; but dogs, as we believe, are never found in such lists.

For these reasons, and because this species of property is not the subject of larceny by the common law, we are not disposed, by a sort of judicial legislation, to make any change in the law on this subject. If the public good requires a change to be made, as we think it does not, it is the appropriate duty of the legislature, and not of the courts, to make it.

The common law gives the owners of this kind of property a civil action to recover damages for its destruction or injury. This, until the law is changed, is all the protection that can be claimed for it.

The judgment of the court below is reversed, and the cause is remanded, with instruction that the appellant be discharged.