THE STATE *v.* WILLIAM BROWN.

CRIMINAL LAW. *Dog subject of larceny. Statute construed.* Under the statute of interpretation, sec. 51, Code of Tennessee a dog is personal property, and therefore, if of any value, is the subject of larceny.

FROM SHELBY.

Appeal from the Criminal Court.    J. D. ADAMS, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

B. M. BURROUGH for Brown.

SNEED, J., delivered the opinion of the court.

This case presents the question, whether, under the laws of this State, a dog is the subject of larceny.

At the May term, 1876, of the Criminal Court of Shelby county, the defendant was indicted for stealing a dog of the value of ten dollars, the property of the prosecutor, John E. Spicer. The court being of opinion that the dog is not the subject of larceny, on motion quashed the indictment, and the State appealed.

The learned judge, in thus ruling, has but reiterated the immemorial doctrine of the common law upon this subject, and such must be accepted as the law this day unless it has been abrogated by statute. The common law doctrine is thus given in the early books: "As to those animals which do not serve for

food, and which the law therefore holds to have no intrinsic value, as dogs and all other creatures kept for whim and pleasure, though a man may have a base property therein and maintain a civil action for the loss of them, yet they are not of such estimation as the offense of stealing them amounts to larceny." 4 Bl. Com., 190; Hale's P. C., 512; 1 Bish. Cr. L., sec. 787. Thus it was said "a man may have property in some things which are of so base a nature that no felony can be committed of them, as of a bloodhound or mastiff." 7 Coke, 18a; *Findlay* v. *Beer*, 8 S. & R., 571; 4 B., 236; 12 H., 8, 3; 18 H., 8, 2. The definition of larceny at common law and under our statute is the same, "the felonious taking and carrying away the personal goods of another." 4 Bl., sec. 230; Code Tenn., sec. 4677. The old doctrine of the common law was abrogated by the statute of 10 Geo. III., ch. 18, which made the stealing of dogs punishable. While the old doctrine prevailed the common law furnished the general examples of such goods, chattels or property as constituted the subject of larceny, and from this category the animal in question was excluded. It would seem difficult to give a sound reason for the old doctrine, in view of the concession that the dog is property, and of the indisputable fact that they are sometimes esteemed of great value. The words "goods and chattels" at common law include all personal property in possession, and if unrestrained in a will they will pass all personal property. 12 Coke, 1; Co. Litt., 118; 1 Atk., ch. 182; Williams. Ex'rs, 1014. Thus

it is said that "hounds, greyhounds, spaniels and the like are capable of being transmitted like other personal chattels, and as they may be valuable, and may serve for both profit and pleasure, they shall go to the executors and administrators. And why not, said Mr. Justice Doddridge, "for although hounds, greyhounds and spaniels be, for the most part, things of pleasure, that hindereth not but that they may be valuable." Went. Off. Ex., 143; 1 Williams. Ex'rs, 591. If it be the purpose of the criminal law to protect the property of the citizen in that which is useful and valuable, as well as to punish crime, we can scarcely characterize a doctrine as otherwise than simply arbitrary and without sound reason, which would exclude from the protection of the law an animal which, in its varied species, is possessed of so many elements of value and utility to the human family. But, as we have said, the doctrine of the ancient law on this subject is still the law here unless the statute has changed it. We have seen that larceny by our law is the felonious taking and carrying away the personal property of another. The terms "personal goods" and "personal property" are convertible, and in their general sense mean the same thing. The words "personal property," by our statute of interpretation, mean "goods and chattels." The dog is personal property, and if of any value is under our statute the subject of larceny. There is a conflict of ruling among the State courts on this subject. The Supreme Court of Alabama has decided that the dog is not the subject of larceny, but that court we

---

---

suppose had no statutory definition of "personal goods" or "personal property," and referred to the common law for the definition. "We think it safest," says the court, "to refer to the common law for the meaning of the words 'personal property' as used in the statute, and that law declares that dogs are not such personal property as is the subject of larceny." *Ward* v. *The State*, 48 Ala., 161; *Harrington* v. *Miles*, 11 Kan. Rep. In the case of *The People* v. *Campbell*, 4 Parkins N. Y. Cr. Rep., 386, it was held that "a dog, though property, was to enable the owner to maintain an action of tresspass for an unlawful taking was not the subject of larceny at the common law, but under the provisions of the statute declaring all personal property the subject of larceny, an indictment for stealing a dog may be sustained."

We need not go very far for a sound reason for this holding, and we think the solution of the question in this State also depends upon the statutory definition of "property" or "personal goods" as used in our criminal code, which makes the felonious taking and carrying away thereof larceny. A dog, if he have an owner, is personal property, and if of any value is the subject of larceny.

Reverse the judgment and remand the case for trial.

I dissent from the conclusion.

McFARLAND, J.