JOHN J. HODGES *v.* WARD L. CAUSEY.

1. DOGS. *Killing. Trespassing.*

    Notice by plaintiff to defendant to keep off of the latter's premises with his dogs, will not alone justify the former in killing a dog of the latter running through rows of mature corn, even if defendant apprehended that the animal would speedily pass into and damage open cotton standing in the same field.

2. SAME. *Property. Right to kill. Nature and instincts.*

    The owner of a dog can maintain an action against a person who wrongfully kills it; but when the right to kill a trespassing dog is in question, the nature and instincts of the animal may properly be considered.

3. SAME. *Proof of value. Opinions.*

    The owner of a dog wrongfully killed by defendant is not compelled to prove its market value: if it has no market value, he may prove its special value to him by showing its qualities, characteristics and pedigree, and may, as to value, offer the opinions of witnesses who know such qualities, etc.

FROM the circuit court of Sunflower county.

HON. F. A. MONTGOMERY, Judge.

Hodges, the appellant, was the plaintiff in the court below; Causey, appellee, was defendant there. The suit was an action of trespass for the killing by defendant of plaintiff's dog—an English deerhound.

At the trial of the case defendant's evidence showed, or tended to show, that at the time of the killing the dog was running through defendant's field, and that the killing was done to prevent the dog from damaging appellee's cotton, which was in the same field with the corn, through the rows of which the dog was running; that appellant had been notified twice to keep his dogs off of appellee's farm.

The first instruction given by the court for defendant is as

77 Miss.—23

follows: "The court instructs the jury that the plaintiff must prove the market value of the dog to their satisfaction, by a preponderance of the evidence, or they will find for the defendant."

The second instruction given for defendant was this: "The court further instructs the jury that if they believe from the evidence that Causey gave the plaintiff actual notice to keep off his premises with his dogs, then Causey had a right to kill the dog if she was damaging his crop, and he could not otherwise prevent her running through the field."

The plaintiff's instructions as asked were modified by the court so as to make them harmonious with the defendant's instructions above quoted. The trial resulted in a verdict and judgment for defendant, from which plaintiff appealed to the supreme court.

*W. S. & W. R. Chapman,* for appellant.

The first and second instructions given for defendant are clearly erroneous, and the court below erred not only in giving them, but as well in modifying the plaintiff's instructions so as to conform them to the charges given defendant. This will be apparent from an examination of the following authorities: Code 1892, § 1318; *Jones* v. *Illinois, etc., Railroad Co.,* 75 Miss., 970; *Heilegmann* v. *Rose* (Texas), 13 L. R. A., 275; *Bowers* v. *Horan* (Mich.), 17 L. R. A., 773; *Graham* v. *Smith* (Ga.), 40 L. R. A., 503; *Mullally* v. *People,* 86 N. Y., 365.

*Frank Johnston,* for appellee.

According to the evidence the defendant had no other adequate remedy, or any other means of protecting his property from invasion by the plaintiff's dog.

The owner of a herd, upon discovering a number of bucks tupping his ewes out of season is, after making ineffectual efforts to drive the bucks off, justified in killing them. *Thomas* v. *State,* 14 Tex. Ct. App., 200.

In the case of *Brill* v. *Flager,* 23 Wend. (N. Y.), 354, a dog

was in the habit of haunting the defendant's household and howling and disturbing the family. The defendant shot the dog, and was sued in trespass for its value. The court said: "It would be mockery to refer a party to his remedy by action; as it is far too dilatory and impotent for the exigency of the case. Whatever unlawfully annoys or does damage to another is a nuisance, and may be abated by the party aggrieved, so that he commit no riot in the doing of it."

In *Hodge* v. *State,* 11 Lea (Tenn.), 528, it was held that a person has a right to protect his premises against depredations of mischievous dogs, and for that purpose may use such means as are reasonably necessary, and if the depredating animal is thereby caught in a steel trap and mutilated, it would not be needless torture under the satute against cruelty to animals.

In *Livermore* v. *Batchelor,* 141 Mass., 179, the lower court found the facts, without a jury trial, to be that the defendant had a reasonable ground to believe that the trespassing dog would kill his poultry, but did not find that he had reasonable ground to believe that it was necessary to kill the dog to prevent it from killing his fowls. On this ground the defendant was held liable for killing the plaintiff's dog. The ground of the decision plainly is, that if the finding of facts had been extended to the latter point, the defendant would not have been held liable.

In the case now before the court this dog, on at least four occasions, had chased deer through the defendant's cotton crop; the defendant had twice notified plaintiff not to thus trespass on his land, and finally, the defendant testified, without contradiction, that shooting the dog was the only way that he had of preventing these trespasses. The defendant could not catch and impound the dog. It was useless to try to drive it away, for it would return. And the dog could climb any ordinary fence. The owner of the dog was entirely at fault. It would be a singular state of the law if a landowner had, under such

circumstances, no adequate remedy, and could not protect his property.

*Thomas R. Baird,* on same side.

Mississippi "dog law" is embraced in our statute making dogs property in the sense of being subjects of larceny, and the decision of this court in *Jones* v. *Illinois, etc., Railroad Co.,* 75 Miss., 970. The court's attention is called, however, to the cases of *Hubbard* v. *Preston,* 15 L. R. A., 250, and *Lipe* v. *Blackwelder,* 25 Ill., 119. In the latter it is held that hounds running across a wheat field may be shot if they cannot be otherwise kept out of the crop. See, also, *King* v. *Kline,* 6 Pa., 318.

WHITFIELD, J., delivered the opinion of the court.

It may be that "property in dogs is of an imperfect or qualified nature," as held in *Sentell* v. *Railroad Co.,* 166 U. S., 698 (17 Sup. Ct., 693, 41 L. Ed., 1169); *Ward* v. *State,* 48 Ala., 161; *Town of Wilton* v. *Town of Weston,* 48 Conn., 325; and *City of Carthage* v. *Rhodes,* 101 Mo., 175 (14 S. W., 181, 9 L. R. A., 352). And it is doubtless true that much of the conflict of decision touching this subject is due to the varying statutes of different states as regards their being the subject of larceny, etc. But it is very correctly said in the learned note to *Hamby* v. *Samson* (Iowa), 67 Am. St. Rep., at page 297, s.c. 74 N. W., 918, that "in the United States there has been a quite noticeable tendency in legislation and judicial decisions to recognize a complete property in dogs." When the right to kill a trespassing dog is in question, doubtless the difference in nature and instincts between the dog and ordinary domestic animals, as the horse or cow, may properly enter into its solution. It is said in the exhaustive note to this same case of *Hamby* v. *Samson* (Iowa), 40 L. R. A., at page 510, s.c. 74 N. W., 918, that "it is generally held that a merely trespassing dog cannot be killed," and the authorities pro and con are cited. In that note, and also in the note to *Railroad Co.* v. *Munger,* 49

Am. Dec., at page 260, illustrations are given of the conditions
under which it would be lawful to kill a trespassing dog : Sheep-
killing dogs may be killed ; dogs destroying deer, fowls, or other
animals, where necessary to their preservation ; howling dogs
on one's premises may be killed, etc.   But it is said the dog
must be killed at the time, and not on account of past damage
done by him.   *Id.,* and authorities.   The true rule is thus stated
in 67 Am. St. Rep., note, at pages 294, 295, s.c. 74 N. W., 918 :
"But one is never justified in going to excessive lengths in the
defense of himself or his property from assault or injury.   The
method of defense adopted must bear a certain relation to the
character or seriousness of the threatened injury.   The fact
that a dog is trespassing does not justify his wanton or malicious
destruction."   And again : "In any case, the question whether
the defendant was justified in killing or injuring the plaintiff's
dog should be submitted to the jury, to be decided from a con-
sideration of the peculiar facts and circumstances of the case."
The court virtually told the jury, in its modifications of plain-
tiff's instructions, that, "if they believed defendant had warned
plaintiff not to let his dogs run in his field," defendant was not
liable.   This was error.   Notice to keep his dogs out was one
fact, but not the only fact, to be considered.   Notice of that
sort is not conclusive.   See authorities collected in paragraph 3,
49 Am. Dec., 259.   When it is borne in mind of what great
value some dogs are, the reasonableness of the general rule
against the right to kill a mere trespassing dog is apparent.
See *Mullaly* v. *People,* 86 N. Y., 365, and note, supra, 40 L.
R. A., s.c. 74 N. W.   Here, at the time this English deerhound
was killed, she was running through the corn rows in November,
when the corn was thoroughly matured.   She had done at that
time no damage to the cotton.   The defendant says he killed
her to prevent her doing damage by knocking out cotton from
the stalks.   The jury should not have been told that notice was
a perfect defense.   All the circumstances in evidence were be-
fore them, and the reasonableness of the alleged necessity of

killing the dog to save property should have been left to them, as a question of fact, under proper instructions as to the law.

The court also erred in its instruction as to the necessity of proving market value. The doctrine supported by reason and the authorities is that you may prove the market value if the dog has any, and, if not, then his "special or pecuniary value to his owner, to be ascertained by reference to his usefulness and services." *Heiligmann* v. *Rose* (Tex. Sup.), 16 S. W., 932 (13 L. R. A., 275). And it is perfectly competent to prove the pedigree, characteristics and qualities of the dog, and then prove, by witnesses who know these things, their opinions as to the value. *Bowers* v. *Horen* (Mich.), 53 N. W., 535 (17 L. R. A., 773). And on both these propositions see, specially, the notes to *Hamby* v. *Samson* (Iowa), 67 Am. St. Rep., 292, 293, s.c. 74 N. W., 918, with the authorities, and the other in 40 L. R. A., 515, 518 (viii.), *et seq.*, s.c. 74 S. W., 918.

*Judgment reversed, verdict set aside, and cause remanded for a new trial.*