# WILLIAM R. WOOD v. JOHN STOTSKI.

*Trespassing Dogs—Killing by Landowner—Justification—
Question for Jury.*

In an action for killing plaintiff's dogs while trespassing on defendant's land, whether such killing was justified as a reasonable act of force was for the jury, there being testimony that the dogs were licensed, that plaintiff with other men and dogs went on the land at night in pursuit of a raccoon, but without any intention of killing or capturing it, the hunting season not having begun, that they entered only a swamp and went only to where the raccoon was treed, and that upon defendant ordering them off, they hid, and thereupon defendant shot the dogs.                                        pp. 509, 510

A landowner is entitled to take any measures reasonably necessary to protect himself and his property from injury by trespassing dogs, and if necessary he may kill the dogs.   p. 510

The question whether there is imminent danger to person or property by reason of trespassing dogs, so as to justify the landowner in killing the dogs, is almost always a question for the jury.                                        p. 511

In an action for the killing of trespassing dogs, the burden of proving justification for the killing is upon defendant. p. 511

On an issue as to the justification for the killing of trespassing dogs, the jury could consider all such facts as previous molestation and annoyance by the dogs, the effectiveness to be expected from other means of prevention, as well as the facts of the situation presented to the defendant on the night of the killing, and any provocation in that situation.        p. 511

That plaintiff and his companions were the real trespassers, and that the dogs, as merely their instruments, could not be expected to leave defendant's land by any driving or persuasion on his part, so long as the men were in hiding, was not

sufficient to show that as a matter of law the killing of the dogs was justified, though it might serve to show provocation and reason for exasperation, and increased difficulty in the defendant's situation, if there was injury threatened and to be prevented.                                        pp. 511, 512

*Decided June 11th, 1925.*

Appeal from the Circuit Court for Harford County (HARLAN, J.).

Action by William R. Wood against John Stotski. From a judgment for defendant, plaintiff appeals. Reversed.

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Robert H. Archer, Jr.,* and *William P. Cole, Jr.,* for the appellant.

*Daniel C. Joseph, W. Worthington Hopkins,* and *Abram C. Joseph,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

The one question raised on this appeal is whether, on the testimony, the court could rule as a matter of law that a killing of plaintiff's dogs while trespassing on the defendant's land was justified as a reasonable exercise of force. The lower court so ruled, and directed a verdict for the defendant on the ground that it was so justified. But this Court has concluded that the question should have been left to the jury for their decision.

The testimony is conflicting on almost all the crucial points. That of the defendant tended to show provocation in previous molestation and disregard of his rights, ruthless damage and destruction of his crops by hunters, and frequent necessity for driving the hunters off. The plaintiff

himself testified to some previous difficulty between the de-
fendant and himself and with the plaintiff's brother, with
an assault on defendant by the latter. And the defendant's
son testified that on the night of the shooting the men and
dogs had been walking around a field of tomatoes. From
the whole testimony, however, we think a jury could be per-
mitted to find that the plaintiff·with five other men went
with plaintiff's dogs on the land of the defendant, at night,
in pursuit of a raccoon, and that the plaintiff had hunted
there previously; that the dogs were duly licensed, and al-
though the lawful season for such hunting had not yet be-
gun, the plaintiff and the men with him were merely exer-
cising the dogs without any intention of killing or capturing
the raccoon pursued; that they entered only a swamp and
went only to a tree where a raccoon was treed and the dogs
were barking; that the defendant and his son came down
and ordered the men off his place and they, in fear, put their
lights out and hid in the swamp; that the defendant then
ordered his son to shoot the dogs, and the son did so. Whether
the jury would have believed the evidence to this effect it
is not our province to inquire. There was such evidence,
and they were at liberty to believe it.

It is not admitted by the plaintiff that he or his dogs had
caused any of the previous damage complained of, and he
denies that they went into the field this night. And we do
not understand the defendant or the witnesses produced by
him to identify these particular dogs as having caused him
any damage previously. Indeed it would not be within the
province of the court to find the previous molestation and
damage as a fact.

It is not disputed, and could not be disputed, that the
defendant was entitled to take any measures reasonably nec-
essary to protect himself and his property from injury, and
that if so necessary he might kill trespassing dogs.

A landowner is not required to provide a hunting ground
or playground for his neighbor and the neighbor's dogs; he
may by appropriate means have both kept off, and may him-

self use whatever means may be reasonably necessary to prevent injury to persons or property on his land, including the killing of the dogs, if that should prove necessary. The decisions are not in entire agreement in their statements of the legal principles governing the problems which arise, but according to the weight of authority a landowner may not kill the dogs merely because they are on his land, that is, when they are not imminently endangering person or property. And the question whether in a particular case there was such imminent danger, making it reasonable to kill the dogs, is almost always one for the jury. The burden of proving the justification for killing is upon the defendant. *Breedlove v. Hardy,* 132 Va. 11; *McChesney v. Wilson,* 132 Mich. 252; *Hodges v. Causey,* 77 Miss. 353; *Dinwiddie v. State,* 103 Ind. 101; *Marshall v. Blackshire,* 44 Iowa, 475; *Simmonds v. Holmes,* 61 Conn. 1; *Dunning v. Bird,* 24 Ill. App. 270; *Lipe v. Blackwelder,* 25 Ill. App. 119; *Hubbard v. Preston,* 90 Mich. 221; *King v. Kline,* 6 Pa. 318; *Brill v. Flagler,* 23 Wend. 357. And see generally the notes in 15 *L. R. A.* 250; 40 *L. R. A.* 510; 19 *L. R. A.* (N. S.) 835; 28 *L. R. A.* (N. S.) 673 and 10 *A. L. R.* 689, 691. And for a review of older cases, and even more, for a discussion of the meaning of "imminent danger," in the statement of the rule just made, the opinion of Doe, J., in *Aldrich v. Wright,* 53 N. H. 398, is to be considered. And under this rule the jury could weigh all such facts as previous molestation and annoyance, and the effectiveness to be expected from any other means of prevention, as well as the facts of the situation presented to the defendant on the night of the killing, and any provocation in that situation.

The defendant urges a distinction between this case and one of trespass by unattended dogs, on the ground, as we understand it, that the men were the real trespassers, that the dogs were their instruments merely, and could not be expected to leave the land by any driving or persuasion of the defendant so long as their master and his companions maintained their position in hiding there. But, as we view

it, that fact might serve to show only provocation and reason for exasperation, and increased difficulty in the defendant's situation, if there was injury threatened and to be prevented, and it would not enable the court to say that as a matter of law it was sufficient to justify the killing of the dogs. It may have been, or it may not have been. The jury should decide.

> *Judgment reversed and a new trial awarded, with costs to the appellant.*