LEE, Justice,
for the Court:
Mrs. Ann Pollan filed suit in the Circuit Court of Bolivar County against Illinois Central Gulf Railroad Company and Mrs. Bernice S. Oswalt, its employee and agent, for personal injuries Mrs. Pollan sustained when a van vehicle of Illinois Central Gulf Railroad Company, driven by Mrs. Oswalt, struck her. At the conclusion of plaintiff’s case, the defense rested, and, after the case was submitted to the jury, a verdict was returned in favor of the defendants. Mrs. Pollan appeals and assigns three (3) errors in the trial below.
I.
Did the trial court err in refusing to grant a peremptory instruction on liability in favor of the appellant, and, was the' verdict contrary to the weight of the evidence?
On October 7, 1977, at approximately 11:00 a. m., Mrs. Oswalt was driving a van vehicle, owned by Illinois Central Gulf Railroad Company, in the course of her employment, and was proceeding south on Front Street in the City of Ruleville. On the west edge of the paved street was a slight depression in the pavement approximately *660 two (2) feet wide, which constituted a drainage ditch. Immediately west of, and adjacent to, the drainage ditch, there was a paved parking area. It was large enough for vehicles to part diagonally against a curb at the west edge of the parking lot and wide enough for vehicles, when parked, to be out of the street on the west side of the drainage ditch.
Appellant had driven off the street, had parked her automobile in one of the parking spaces, had walked around to the rear of her vehicle and was standing on the west edge of the drainage ditch as Mrs. Oswalt drove south on Front Street and approached the place where appellant was. According to Mrs. Oswalt, she saw appellant standing at the east edge of the parking area; she was traveling approximately fifteen (15) miles per hour; when Mrs. Os-walt passed appellant, she heard a bump along the right side of the van vehicle, and she looked in the rear view mirror and saw appellant lying in the street near the drainage ditch.
Appellant testified that she got out of her automobile, walked to the rear, and was standing on the east side of the parking area; that she saw the van vehicle approaching; that just before the vehicle reached the point where she was standing, the motor roared as if the engine had been accelerated; and the vehicle ran across the drainage ditch and struck her. She further testified that when about to be struck, she threw up her left arm and then stood there for a few seconds, attempted to walk into the street, and fell. She sustained a severely crushed and broken left arm and a fractured hip.
Officer John Hadley of the Ruleville Police Department, arrived at the scene immediately after the accident. He testified that appellant was lying about three feet east of the drainage ditch; there was no debris in or near the street; there were no marks on any of the vehicles in the parking lot which would indicate a recent collision; and there was no visible mark of any collision or contact with the van except that the right rear view mirror was bent to the rear and the glass of the mirror was cracked. Appellant was moaning and told him she did not see the van.
Under the above evidence, the theory of appellant is that Mrs. Oswalt failed to maintain a proper lookout for her and failed to maintain control of her vehicle, drove across the drainage ditch, off the street, and struck her as she was standing behind her automobile in the parking lot, and that after appellant was struck, she attempted to walk out into the street where she fell. The theory of the appellees is that Mrs. Oswalt was driving the van in a southerly direction on Front Street at a reasonable speed, that she saw appellant standing off the street in the parking area and saw that appellant observed her Vehicle approaching, that after she had arrived at a point east of where appellant was standing, she heard a bump, looked back and saw appellant lying on the street. Their conclusion was that appellant stepped into the side of the vehicle, or path of same, realized what she had done, threw up her left arm, which was struck by the rear view mirror, and was knocked down upon the highway, the fall breaking her hip.
The appellant contends that, from this evidence, she was entitled to a peremptory instruction on liability. The rule stated in Paymaster Oil Company v. Mitchell, 319 So.2d 652 (Miss.1975), and numerous cases prior, and subsequent, thereto, requires that, on request for peremptory instruction, all evidence with reasonable inferences flowing therefrom must be accepted as true in favor of the party against whom the peremptory instruction is requested, all evidence in conflict therewith is disregarded, and, if such evidence is sufficient to support a verdict for the party against whom the peremptory instruction is requested, then it should be denied. See also Butler v. Chrestman, 264 So.2d 812 (Miss.1972).
We are of the opinion that the evidence presented a question for the jury as to liability, that the trial court correctly refused the peremptory instruction requested by appellant, and that the verdict of the *661 jury is not contrary to the overwhelming weight of the evidence.
II.
Did the trial court err in refusing to grant Instruction P-6 and thereby fail to instruct the jury that the defendants bore the burden of proof on their affirmative defenses?
The pertinent part of Instruction P-6 follows:
“The defendants, Illinois Central Gulf Railroad Company, and Bernice S. Os-walt, claim several affirmative defenses which will be explained later in the instructions. The burden of proof establishing all of the facts necessary to prove these affirmative defenses by a preponderance of the evidence rests upon the defendants, Illinois Central Gulf Railroad Company and Mrs. Bernice S. Oswalt.
If the defendants fail to establish any essential element of their affirmative defenses by a preponderance of the evidence, then you are not entitled under the law to return a verdict for the defendants on the affirmative defenses. However, you may still return a verdict for the defendants if plaintiff fails to prove any essential element of her claim by a preponderance of the evidence.”
The appellees were granted three (3) instructions, all of which told the jury that its finding of fact should be from a preponderance of the evidence. The above Instruction P-6 is a duplication of the burden of proof stated in those three instructions, and there is no merit in this assignment.
III.
Did the court err in granting Instructions D-2, D-3 and D-5, which assume facts not in evidence and since there is no evidence on which the jury could reasonably find appellant contributorily negligent?
The above mentioned instructions were crudely drawn and no benefit would result from setting them forth here. Instruction D-5 was a comparative negligence instruction, which probably was not considered by the jury in the light of its verdict. The offensive part of same reads:
“In the present case if you find from a preponderance of the evidence that Mrs. Ann Pollan, the plaintiff failed to use reasonable care when she stepped from a place of safety into the side of the defendant’s automobile, if you find this fact to be true, Mrs. Ann Pollan, the plaintiff, was negligent; . . . .” (Emphasis added)
Appellants contend that the instructions assumed (and peremptorily told the jury) that the plaintiff failed to use reasonable care when she stepped from a place of safety into the side of defendant’s automobile. However, that statement was qualified by the phrase following which stated “If you find this fact to be true.”
Instructions D-2 and D-3 followed the evidence. We are of the opinion that when all the instructions are read and considered together, the jury was fairly instructed and no reversible error resulted from any one of them. We note, however, that many of the instructions were modified by the trial judge, who marked through sentences and paragraphs, leaving the modified instructions, which went into the jury room, messy and almost illegible. When instructions are modified or changed to the extent those were modified in this case, the trial judge should see that they are neatly and legibly retyped in order to avoid confusion in the jury room.
For the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.