HAWKINS, Justice, for the Court:
Dennis Wiley appeals from a judgment of $500.00 against him in the Circuit Court of *1026 Newton County in favor of G. B. Keen for killing Keen’s dog.
The only issue we need address on this appeal is whether or not the circuit judge erred in granting a peremptory instruction on liability in favor of the plaintiff. We believe this issue should have been submitted to the jury, and therefore, reverse and remand.
Mr. Wiley operated a dairy farm and had some calves sick with pneumonia in a pen near his house. According to Wiley, some dogs, which he thought were wild, were in the pen disturbing the calves. He began shooting at them from a distance of about 75 yards, and continued shooting as the dogs were running away. He testified that he shot to scare the dogs and could not tell when Mr. Keen’s dog was hit, or if the dog was hit at all. Within twenty-four hours thereafter some of his calves had died and Mr. Wiley could not say with certainty that the dogs’ disturbance had caused the loss.
As we have stated on numerous occasions in considering the request for a peremptory instruction, “all evidence with reasonable inferences flowing therefrom must be accepted as true in favor of the party against whom the peremptory instruction is requested, all evidence in conflict therewith is disregarded, and, if such evidence is sufficient to support a verdict for the party against whom the peremptory instruction is requested, then it should be denied.” Pollan v. Ill. Central Gulf R. R. Co., 378 So.2d 659, 660 (Miss.1980); Paymaster Oil Co. v. Mitchell, 319 So.2d 652 (Miss.1975). Consequently, we have only detailed Mr. Wiley’s testimony herein, and do not deem it necessary to further detail the evidence. A jury issue was made as to whether Mr. Wiley intentionally or recklessly killed the dog without just cause.
Dogs are a special breed, capable of arousing the strongest of emotions in mankind. It is also a matter of common knowledge among cattlemen and dairymen that “wild dogs” harass and kill cattle.
The propriety of Mr. Wiley’s conduct under the circumstances is a matter which should have been passed upon by the fellow citizens of the plaintiff and defendant in Newton County. We have said a circumstantial evidence case should rarely be taken from the jury. The same observation, albeit for a different reason, can be made in a case of shooting a dog.
Times change, but we believe that on retrial the cases of Hull v. Scruggs, 191 Miss. 66, 2 So.2d 543 (1941), and Hodges v. Causey, 77 Miss. 353, 26 So. 945 (1899), will be of some benefit to the court and counsel in properly instructing the jury.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.