21876

Thomas Greogry FINLEY by Janet Mickle SANDS, his guardian ad litem, Appellant, v. Max L. MANLEY, Respondent.

(300 S. E. (2d) 914)

*Thomas F. McDow* of *McDow & Brown, Charles W. Black-well,* Rock Hill, *for appellant.*

*John C. Hayes, III,* of *Hayes, Brunson & Gatlin,* Rock Hill, *for respondent.*

*Alexander M. Sanders, Jr.,* of *Sanders & Quackenbush,* Columbia, *for Richland County Society for the Prevention of Cruelty to Animals amicus curiae.*

March 10, 1983.

LITTLEJOHN, Justice:

In the complaint, the plaintiff-appellant alleges that his dog was killed by the defendant-respondent without justification, wilfully, intentionally, and wrongfully. In the Answer, defendant admits that he shot the dog while trespassing on his property, but denies that the killing was wrongful. At the end of the testimony, the trial judge granted a directed verdict in favor fo the defendant. Plaintiff appeals. His exceptions are as follows:

> I. The court erred in denying the appellant's motion for a directed verdict as to liability; the error being that the evidence taken in the light most favorable to the respondent established that the respondent intentionally killed the appellant's dog without just cause or excuse. II. The court erred in directing a verdict for the respondent, the error being that the evidence taken in the light most favorable to the appellant established that the respondent intentionally killed the appellant's dog without just cause or excuse.

The evidence taken as a whole creates a reasonable inference that the Defendant, at his place of residence, had been molested by some dog or dogs by such things as the killing of chickens and the disturbance of garbage pails. The extent of the disruption, trespass, and damage is not certain, and whether the deceased dog was the cause is debatable. We are of the opinion that the evidence taken as a whole raised issue of fact to be determined by the jury rather than

merely questions of law to be decided by the judge. Beyond question, the dog, when shot, was a trespasser and was where it had no right to be.

We find no South Carolina cases nor statutes delineating the rights of parties to this action. We find, however, in 4 Am. Jr. (2d), *Animals*, § 135, the following, of which we approve:

> It is generally recognized that in the absence of statute, a landowner has no right to kill a dog merely because it is trespassing on his premises, nor can a trespassing dog lawfully be slain merely because the owner has been notifed to keep the dog off the premises. However, the circumstances may be such as to justify the killing of a trespassing dog. If, under all the circumstances, the killing of a dog is, or reasonably appears to be, necessary to the free and perfect enjoyment by the defendant of his property, the killing is lawful, and the cases generally have held or recognized that the landowner has the right to use whatever force is necessary against a trespassing dog in defense of his family, his person or his property, even to the extent of killing a dog.

Reversed.

NESS, GREGORY and HARWELL, JJ., concur.

LEWIS, C.J., concurs in result.

LEWIS, Chief Justice (concurring):

While I agree that jury issues were presented and that a new trial is proper, I think the rule set forth in the majority opinion is too restrictive.

I consider it a sound rule that owners of domestic animals should be required to keep them under such control and surveillance as to prevent them from injurying the property and rights of others; and when they permit animals, such as dogs, to run at large they do so at their own peril.

I do not subscribe to the view that one's property, or the right to enjoy it in peace and repose, is subservient to the vagaries of trespassing animals; and if, under all the circumstances, the killing of a dog is, or reasonably appears to be, necessary to the free and perfect enjoyment of one's property, the killing is lawful. 4 Am. Jr. (2d) *Animals* Section 135.

As stated in *Wood v. Stotski*, Md., 148 Md. 508, 129 A. 646, 647: "A landowner is not required to provide a hunting ground or playground for his neighbor and the neighbor's dogs." He may by appropriate means have both kept off, and may himself use whatever means may be reasonably necessary to prevent injury to persons or property on his land, or interference with his right to enjoy his property, including the killing of the dogs, if that should prove necessary.

The right of enjoyment of one's property, free of trespassing animals, cannot be restricted to only those situations where there is danger to one's person or property from the animals. Therefore, the issue in this case is whether the killing of the dog was, or reasonably appeared to be, necessary to the free and perfect enjoyment of defendant's property. This does not mean that a trespassing dog may be killed simply because it is a trespasser. It does mean that a property owner is not required to indulge the continued harassment and inconvenience of a trespassing dog, irrespective of the pedigree of the dog or its owner.

Whether killing the dog in this case was, or reasonably appeared to be, necessary to the free and perfect enjoyment of defendant's property was an issue of fact and should have been submitted to the jury.